MUSICK v. MUSICK.

MAY TERM.
1842.

Musick
v.
Musick

1. In suits commenced before a justice of the peace, where the plaintiff proves his demand, by the defendant, the latter will not be allowed at the same time, to prove, by his own testimony, a set-off claimed by him against the demand. The defendant is placed in the same situation, by the statute, in which a plaintiff is, who seeks to establish his demand by the oath of the opposite party, before either can prove his demand or set off by his own oath, the other party must be called upon to testify. (See Justice's courts, Art. 5th, sect. 16, R. S. 1835, p. 361.)

2. A parol promise, that if plaintiff would give B time on a judgment obtained against him, defendant would see the judgment paid, is a collateral undertaking to pay the debt of another, and within the statute of "contracts and promises."

Appeal from the St. Louis Court of Common Pleas.

POLK for Appellant.

HUDSON & HOLMES for Appellee.

*Opinion of the Court by Napton, Judge.*

This was an action before a justice of the peace, which, by appeal, was transferred to the court of common pleas, for St. Louis county. On the trial before the court of common pleas, the plaintiff proved his account by the defendant; whereupon, the defendant's counsel offered to prove, by cross-examination, a set-off claimed by defendant, but this, the court would not allow.

The defendant then proved by another witness, that the plaintiff (defendant in error) told witness, that in consideration the said defendant, in case of judgment obtained in his favor against John Munday, before James C. Musick, a justice of the peace, would give the said John Munday time on said judgment, he the said plaintiff, Volney C. Musick, would see said judgment against said Munday paid, and that D. R. Musick, did accordingly give time to said Munday on said judgment.

The court of common pleas gave judgment for the plaintiff, and defendant filed his motion for a new trial, for the reason, that the verdict was against law and evidence, and

A parol promise, that if plaintiff would give B time on a judgment obtained against him, defendant would see the judgment paid, is a collateral undertaking to pay the debt of another, and within the statute of "contracts and promises."

The plaintiff in error, relies chiefly, on two grounds for reversing this judgment, first, it is objected that the defendant was not allowed to swear to his own set-off. His right to do so, is placed upon the general principle, that where a party is made a witness for one purpose, he becomes a witness for all purposes. Page v. Hanky, 6 Mo. Rep., 433. This is the general doctrine, but our statute regulating this matter provides, "If there be no evidence given to establish any demand founded upon contract, or to establish any set-off, or if the evidence given be insufficient for that purpose, the justice, may upon the application of the party offering such demand or set-off, order the opposite party to be sworn as a witness in relation thereto, if the party called on refuse, the justice shall allow the party offering the demand or set off to be sworn, &c." Sec. 16, p. 461. By this provision the defendant, wishing to prove his set-off, is placed in the same situation in which he is, who seeks to establish his demand, and before either can prove their own demands or set-off, the opposite party must be called. The court is of opinion, that no error was committed by the court of common pleas in refusing the cross-examination proposed.

The judgment of the court of common pleas is also sought to be reversed. because the court refused the plaintiff in error a new trial. Admitting that the defendant's proof of set-off was sufficient to entitle him to a verdict, the proof having gone to the jury without objection, yet would this court reverse the judgment for the purpose of letting in a defence which must be unavailing? The promise of Volney C. Musick was a collateral undertaking to pay the debt of another, and being within the statute was of no validity, and it is not perceived how the plaintiff in error could derive any benefit from a reversal of the judgment.

Judgment affirmed.