# Dock *versus* Boyd & Co.

1. M. owed to B. a sum of money and D. promised to B. that if he would give time to M. he would see that B. was paid, saying that he had money of M.'s in his hands. B. agreed not to push his claim against M., but did not surrender his claim, and afterwards prosecuted it to judgment. *Held*, that the promise of D.' was not within the Statute of Frauds, and he was liable thereon, and further, that he was estopped by his own declarations upon the faith of which his verbal promise to pay the debt was accepted.

2. *It seems*, when the promise is to apply the funds or property of the debtor in the hands of the party, it is not necessary that the creditor should give up his recourse against the debtor upon the original claim. The promise is not a collateral, but an original one, founded on sufficient consideration.

January 12th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. ₒ STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county :* Of January Term 1879, No. 118.

Case by William S. Boyd and Charles S. Boyd, trading as William S. Boyd & Co., against Luther Dock.

F. G. Miller, doing business as F. G. Miller & Co., owed the plaintiffs $1428.11, partly on book account and partly on a note for $1000 maturing November 29th 1875. The plaintiffs drew on Miller & Co. for $428.11, the excess of their claim over the note, and the draft came back protested, whereupon the plaintiffs wrote to them, threatening legal proceedings. F. G. Miller & Co. sent the plaintiffs' letter to the defendant Dock, who was .a joint owner with F. G. Miller, one of the firm of Miller & Co., and one Mitchell, of certain lumber lands on Lick Run, on which they carried on the lumber business in partnership. Dock, with plaintiffs' letter in his hands, went to their store, and, as they testified, though he in his evidence denied it, said that Miller had sent him the letter ; that he, Dock, had come to intercede for them ; that they were "in tight papers," and he did not want them pushed ; that he had money or other property of theirs in his hands, and he would sell it and pay the plaintiffs ; that he would not give his

[Dock v. Boyd & Co.]

own note, but his word was as good as his bond; that he would not fix a time for payment, which might be next week, or not for thirty or sixty days; that there was no danger of the property being taken out of his hands by other creditors, for he had it so fixed that that could not be done; that the plaintiffs were secure, and he would see them paid.    Upon this, as the plaintiffs testified, they agreed not to push Miller without notifying Dock, and made a memorandum to that effect on the protested draft.    Dock sent Miller $1000 to take up his note for that amount to the plaintiffs, which matured on the 29th of November 1875, and Miller received it, but did not pay plaintiffs' note, and absconded.    Plaintiffs subsequently sued Miller & Co. on their claims and got judgments.

It also appeared that Miller was largely indebted to Dock, but that Dock had in his hands lumber in which Miller was interested, which was taken from the above-mentioned tract of lumber land.

The third and fourth points of the defendant were as follows:

3.  "The jury must upon the evidence find for the defendant, there being no sufficient evidence to show that defendant ever had in his hands property of Miller's, which, as between him and said Miller, he was bound to apply to the payment of his debt to the plaintiffs."

4.  "If the jury find that, as between the plaintiffs and Miller, the liability of the latter was never given up or abandoned, but still remains existing and unaffected, the agreement of the defendant, as alleged by plaintiffs, was collateral to said liability of Miller, the Statute of Frauds requiring a writing applies, and the jury must find for defendant."

In answer to these points, the court said: "If you believe Boyd & Co., although they did not abandon their claim, had been induced to give time to Mr. Miller through Mr. Dock's promise, it would be enough."

In the general charge, the court, inter alia, said: "If Mr. Dock agreed to apply the means in his hands to the payment of Miller's debt, with Miller's acquiescence, he is bound by that agreement, and it is not necessary it should be in writing."

The verdict was for plaintiffs for $1270.66, and after judgment thereon the defendant took this writ, and alleged that the court erred in the answer to the points, and in the foregoing portion of the charge.

*H. A. L. Pyle* and *Chapman Biddle*, for plaintiff in error.— Such a contract as the one here alleged is void, unless the original claim is given up and the new contract accepted in its stead: Shoemaker v. King, 4 Wright 110; Maule v. Bucknell, 14 Id. 52.

[SHARSWOOD, C. J.—If Dock had property of Miller's in his control it was not necessary that the promise should be in writing. If he had not, is he not now estopped from the denial of that fact by having induced them to put faith in his statement?]

[Dock *v.* Boyd & Co.]

To make Dock liable on such a promise it was necessary to show first that there was sufficient property of the debtor in his hands; second, that as between him and the debtor, he assumed to pay the debt out of the property; and third, that he had promised the creditor to appropriate the money to his use. Neither of the first two of these essentials was shown. There was not a particle of testimony that this lumber or any property or money of Miller had ever been put in Dock's hands as trustee to pay Boyd & Co., or with a view to its application to their debt. At the date of his alleged promise, Dock, as one of the partners of the Lick Run lumber firm, happened to have in his hands some of its lumber, with the right as between him and his partners to sell it and keep the money for his own use—that is, to reimburse himself for advances made for his partners. The promise of Dock was without any consideration whatever.

*George Junkin*, for defendants in error.—Forbearance, either limited or general, is a good consideration for a promise to pay the debt of a third person: Silvis *v.* Ely, 3 W. & S. 420.

No proof need have been made that Dock actually had money and property of Miller's in his hands, or that he and Miller had so arranged the matter. Dock's representation and promise estopped him from denying that such was the case. But the proof in the case went much further. It appeared, and there was no attempt to deny it, that Dock had in his hands a large quantity of property belonging to Miller. It consisted of lumber, the proceeds of lumber and a promissory note.

Wherever money, or funds, or securities, or other property of a debtor are in the hands of another, and pledged or devoted to the payment of his debts, the party holding the same and promising to pay is bound by the promise, and the case is not one within the statute. This law is distinctly recognised in Maule *v.* Bucknell, *supra;* Stoudt *v.* Hine, 9 Wright 31; Shoemaker *v.* King, *supra.*

The judgment of the Supreme Court was entered, January 26th 1880,

PER CURIAM.—That Dock had means in his hands belonging to Miller was in evidence, but if the contrary had appeared he would have been estopped by his own declarations, upon the faith of which his verbal promise to pay the debt was accepted. Such being the case, it was clearly not within the Statute of Frauds. When the promise is to apply the funds or property of the debtor in the hands of the party, it is not necessary that the creditor should give up his recourse against the debtor upon the original claim. The promise is not a collateral but an original one, founded on sufficient consideration.

Judgment affirmed.