# Dunbar *v.* Smith.

*Action on Bill of Exchange, by Indorsee against Acceptor.*

1. *Statute of frauds, as to promise to pay debt of another.*—Under the statute of frauds (Code, § 2121), an acceptance given for the debt of the drawer, which is neither cancelled nor postponed thereby, is void, unless based on a consideration expressed in it; but, if the acceptance is given at the instance of the drawer, to procure the release of his property from a lien asserted by the payee, and the property is thereupon released and surrendered, the acceptance is a new and independent contract, founded on a sufficient consideration, and is not within the statute of frauds.

Appeal from the Circuit Court of Lee.

Tried before the Hon. James E. Cobb.

This action was brought by A. J. Smith against F. M. Dunbar, and was commenced before a justice of the peace, on the 16th January, 1878. On appeal to the Circuit Court, at the instance of the defendant, the plaintiff there filed a complaint, claiming $30, alleged to be "due by a bill of exchange drawn by W. G. McKenzie, on and accepted by the said defendant, dated 19th May, 1877, and payable, thirty days after date, to B. Y. Cooper; and plaintiff avers, that he is the holder and owner of said bill of exchange," &c. The defendant pleaded, "in short by consent," want of consideration, and the statute of frauds; and issue was joined on these pleas.

On the trial in the Circuit Court, as the bill of exceptions states, "the following facts were agreed on, as the evidence, and the only evidence in the cause: B. Y. Cooper was and

is a hotel-keeper, and furnished board and lodging for Mc-Kenzie and wife, for which McKenzie was indebted to him some $63; and McKenzie being about to remove from the hotel, Cooper seized his baggage, then in the hotel, and held the same for his bill. After efforts to adjust the matter, Cooper informed McKenzie that, if he would get Tucker's or Dunbar's acceptance of a bill of exchange for the amount due him, he would release the goods. McKenzie made an effort to obtain such acceptance, and informed Cooper that he could not obtain an acceptance for the full amount, but that Dunbar would accept for $30. Cooper then agreed with said McKenzie, that he would release the goods, if Dunbar would so accept. It was known to all parties that McKenzie was insolvent, and he still remained so. Cooper released the goods, on the faith of Dunbar's acceptance for $30, which is here sued on, and which was produced by the plaintiff, who bought it after maturity, for value. There was no consideration for Dunbar's said acceptance, except such as may be implied from the acceptance itself, or arises from the facts shown by this agreement: Said bill of exchange was not presented to Dunbar, for payment, until one month after it was due. McKenzie has never paid any part of said debt of $63, and is insolvent. Dunbar did not have actual, or any knowledge, when he accepted said bill, that the goods had been seized, but could have known it by inquiry. He did not know that McKenzie and wife were boarding at the hotel, and were in arrears for board. Dunbar had no funds of McKenzie's on hand, and had no indemnity against said acceptance, except the implied promise of McKenzie to pay him the money, provided he had to pay it. This being all the evidence, the court charged the jury, on the request in writing of the plaintiff, that they must find for the plaintiff, if they believed all the evidence." This charge, to which the defendant duly excepted, is now assigned as error.

W. H. BARNES & SON, for appellant, cited Browne on Statute of Frauds, §§ 173–4; *Thompson v. Hall*, 16 Ala. 204; *Wain v. Walters*, 5 East, 10; *Drake v. Flewellen & Co.*, 33 Ala. 106; *Furbish v. Goodnow*, 98 Mass. 297; *Hilton v. Dinsmore*, 21 Maine, 410; *Lang v. Henry*, 54 N. H. 57; *Thomas v. Delphy*, 33 Md. 373; *Musick v. Musick*, 7 Mo. 495; *Caston v. Moss*, 1 Bailey's Law, S. C. 14; *Harrington v. Rich*, 6 Vermont, 666; 1 Brick. Digest, 287, §§ 501-02.

STONE, J.—There is nothing in this record to show that, by the negotiation which ended in the acceptance by Dunbar of McKenzie's draft, the debt of the latter to Cooper, in a

[Dunbar v. Smith.]

larger sum, was either cancelled or postponed. If this case stood on this naked fact, and if the promise of Dunbar was a simple promise by him to pay thirty dollars of McKenzie's debt, then such promise would not be binding without written promise, based on a consideration expressed in the writing.—*King v. Wilson,* 2 Str. 873; *Caston v. Moss,* 1 Bailey, 14; *Musick v. Musick,* 7 Mo. 495; *Furbish v. Goodnow,* 98 Mass. 296; *Thomas v. Delphy,* 33 Md. 373; *Lang v. Henry,* 54 N. H. 57; *Harrington v. Rich,* 6 Verm. 666.

But we do not understand this case to be the one supposed. Cooper held possession of baggage, the property of McKenzie, on which he claimed a lien for an unpaid board bill. McKenzie desired to obtain possession of the baggage. It was finally agreed that, if McKenzie would obtain the acceptance of Dunbar, or another named person, for thirty dollars, payable to Cooper, then the latter would release the baggage, and surrender it to McKenzie. The acceptance was procured, the baggage released, and that acceptance is the foundation of the present suit. This is not the naked case of a promise by Dunbar to pay the debt of McKenzie. It was a new, independent, substantive contract, based on a new, present, valuable consideration—both benefit to McKenzie, and detriment to Cooper. It was a valuable consideration, because Cooper had the rightful possession of the goods, and surrendered that possession as the consideration of the promise. The contract became a binding one, without any reference to the nature of Cooper's claim on the goods, if rightful, and without any reference to the antecedent debt of McKenzie to Cooper, save as that debt and the nature of it tended to show the *bona fides* of Cooper's asserted right to hold the property. The acceptor of a draft or order, if there be no explanation of the transaction, is the principal debtor, bound in the first instance to pay, and to hold harmless the drawer and indorser. This, however, is but a *prima facie* intendment, and will yield to proof, showing the transaction is otherwise. Acceptances are frequently given for the accommodation of the drawer, and when such is the case, the drawer, as between themselves, becomes the principal debtor, and the acceptor fills the relation of surety. A consideration is necessary to uphold any contract. It may be of benefit to the promisor, or of detriment to the promisee. But, if the promise rest on a contemporaneous consideration, it is not necessary that each promisor shall share in the benefits of the consideration. A consideration moving to the principal debtor, binds the surety, or accommodation party to the paper, to the same extent as it binds the principal. This, for the reason that the law presumes the credit would not

[Block v. The State.]

have been granted, without the security the name of the surety furnishes. It is on this principle that sureties and accommodation parties are held bound in law, by force of the consideration which moves alone to their principal. These principles are fully settled in the case of *Rutledge v. Townsend*, 38 Ala. 706. See, also, *Martin v. Black*, 21 Ala. 721; *Graves v. Shulman*, 59 Ala. 406; 2 Amer. L. Cases, 5th ed. 163 *et seq.*, notes to *Vadakin v. Soper;* Browne Stat. Frauds, 4th ed. § 212.

Applying these principles to the case in hand, McKenzie and Cooper made a new contract. In consideration the latter would surrender certain goods of which he had the lawful possession, the former promised and gave Dunbar's acceptance of his (McKenzie's) order. This rested, not on the original debt McKenzie owed Cooper, but on the new promise, based on the new consideration. Such new promise had all the elements of a contract, namely, the mutual, concurring assent of their two minds, based on a valuable, present consideration of benefit to McKenzie and detriment to Cooper. It was not important that Dunbar should know what the consideration was. He trusted McKenzie, and accepted the paper for his accommodation. On the faith of it Cooper surrendered the goods, and Dunbar is as much bound to pay the debt, both in law and morals, as if the consideration had moved to him.

Affirmed.