# Thornton *v.* Guice.

*Action on Promissory Note.*

| | |
|---|---|
| 73 | 321 |
| 93 | 511 |
| 73 | 321 |
| 98 | 655 |
| 73 | 321 |
| 107 | 368 |
| 73 | 321 |
| 116 | 544 |
| 73 | 321 |
| 121 | 164 |
| 73 | 321 |
| 124 | 537 |

1. *Statute of frauds; what not a promise to answer for the debt of another.* Where the original debtor is entirely released or discharged, and the obligation or promise of another is substituted in place of that of the discharged debtor, a new debt is thereby created, binding on the substituted debtor, which is not affected by the provision of the statute of frauds, declaring "every special promise to answer for the debt, default or miscarriage of another" void, unless it is reduced to writing, etc. (Code of 1876, § 2121.)

APPEAL from Barbour Circuit Court.

Tried before Hon. H. D. CLAYTON.

This action was brought by J. G. Guice against J. M. Thornton, and was founded on a promissory note made by Thornton & Locke, a partnership composed of defendant and Ann J. Locke, a married woman, who had been relieved of the disabilities of coverture, and the wife of one Wm. H. Locke, for $2000, with interest from date, bearing date April 3d, 1875, and payable at six months thereafter. The defendant pleaded, in short by consent, (1) the general issue, (2) the statute of

21

[Thornton v. Guice.]

frauds, and (3) accord and satisfaction; and the cause was tried on issue joined on these pleas, the trial resulting in a verdict for the plaintiff.

The evidence for the defendant tended to show, among other things not necessary to this report, that, in December, 1875, the plaintiff agreed to accept, and did accept four promissory notes, aggregating $2381, signed by the said Ann J. Locke, Wm. H. Locke, and one Jesse Locke, "in satisfaction and discharge of the note sued on;" but that, after receiving the notes under said agreement, and without returning or offering to return them, he refused to deliver up the note sued on, having become dissatisfied with the settlement, and doubting the solvency of Jesse Locke, on whose credit the arrangement appears to have been made by him. The only consideration expressed in these four notes was "value received."

The second charge given by the court at the plaintiff's request, referred to in the opinion, is as follows: "If the jury believe from the evidence, that the four promissory notes signed by Ann J. Locke, Wm. H. Locke and Jesse Locke, in evidence in this cause, were executed to be given to Guice in substitution for, or release of the $2000 note made by Thornton & Locke to him, then, as said notes do not express the consideration for which they were given, they were, as to Jesse Locke, within the statute of frauds, and not binding on said Jesse Locke; and if said notes were so within the statute of frauds, and not binding on said Jesse Locke, then the offer of said notes to Guice by Locke, or Thornton & Locke, in release of the said J. M. Thornton, constituted no valid consideration for such release, and Guice could not be compelled to take said notes in release of the liability of said Thornton to him on said $2000 note." Exception having been reserved by the defendant to this charge, it is one of the errors here assigned.

D. M. SEALS and WATTS & SONS, for appellant.

PUGH & MERRILL, contra.

SOMERVILLE, J.—Under the provisions of our statute of frauds, "every special promise to answer for *the debt*, default or miscarriage *of another*" is void unless it is reduced to writing, expressing the consideration, and subscribed by the party to be charged.—Code, 1876, § 2121; *Rigby v. Norwood*, 34 Ala. 129; *Dunbar v. Smith*, 66 Ala. 490.

In all cases, however, where the *original debtor is entirely released or discharged*, and the obligation or promise of a third person is *substituted* in place of that of the discharged debtor, the statute of frauds has no application, and the new debt thus

created is binding on the substituted promisor, or debtor. It is *his own debt*, and can no longer be said to be the *debt of another*. It is rather an original and independent contract, based upon a valuable consideration of detriment to the promisee, the release of the former debt. The purpose of the statute of frauds, in this particular, is to discourage certain oral agreements of a *collateral* character, in the nature of a *guaranty*, where the new promise is accessory to the antecedent one, the original debtor still remaining liable. It pronounces to be void oral suretyships for precedent debts, and not substitutes of new and original debts for old ones, which are in the nature of a *novation*. "The leading doctrine," says Mr. Bishop, "is, that to render it necessary for the promise to be in writing, the principal must be and remain holden ; that is, the debt must be due, not from the promisor, *but from 'another,' to whom the promisor sustains the relation of surety*."—Bishop on Contr. § 519 ; *Underwood v. Lovelace*, 61 Ala. 155 ; Brown on Stat. Frauds, § 193 ; *Locke v. Humphries*, 60 Ala. 117 ; *Mason v. Hall*, 30 Ala. 599 ; *Dunbar v. Smith*, 66 Ala. 490 ; *Leonard v. Vredenburgh*, 8 John. 23 ; *McKenzie v. Jackson*, 4 Ala. 230 ; *Putnam v. Farnham* (27 Wis. 187), 9 Amer. Rep. 459 ; *Boykin v. Dohlonde*, 37 Ala. 577 ; Bishop on Contracts, §§ 518–521, and cases cited.

If the four new notes executed by the Lockes, in December, 1875, were delivered to the plaintiff, as a substitute for the note sued on, and upon the agreement that the defendants' liability upon it should be discharged, the statute of frauds would not apply to the case ; and there would be no necessity that the new notes should express the consideration for which they were given. They would clearly constitute a valid consideration, too, for the release of the old debt, one legal promise being always regarded as a good consideration for another. The court erred in giving charge numbered *two*, requested by the plaintiff.

The other assignment of error, insisted on by appellants' counsel, need not be considered, as the point is one not likely to arise upon another trial.

Reversed and remanded.