# Carlisle, Jones & Co. *v.* Campbell.

*Action on Written Contract for Delivery of Cotton.*

1. *Statute of frauds; promise to pay debt of another.*—When a creditor accepts from a third person, in payment and satisfaction of his debt, the written note or obligation of such third person, the new contract is an original undertaking, and is not within the statute of frauds (Code, § 2121, subd. 3); and being supported by a sufficient consideration as against the person signing it as principal, it is also supported by a sufficient consideration as against another person who, at the same time, signs it as surety.

2. *Execution of written contract; signature by mark.*—When a note, or other written contract, is signed by the maker or promisor by mark only, his name being written for him by the payee or promisee, this is not a valid execution of the instrument.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LEROY F. BOX.

This action was brought by the appellants, suing as partners, and as the assignees of James M. Wooten, against A. W. Perry and J. R. Campbell; and was founded on the defendants' written promise "to pay to J. M. Wooten or order, on the first day of November, one thousand pounds of low-middling cotton, for value received." This instrument was dated at Blountsville, February 5th, 1881, and the names of both of the defendants were signed to it; but Campbell's signature was made by mark only, and there was no attesting witness to it. The case was tried, as the bill of exceptions states, "on issue joined on the pleas of *non est factum* and the statute of frauds; which latter plea was pleaded in short by consent, and was founded on the 3d subdivision of section 2121 of the Code." On the trial, the plaintiffs introduced evidence tending to show that, on and prior to the said 5th February, 1881, the date of said instrument sued on, "said J. M. Wooten, the payee of said

instrument, held and owned a note against one A. J. Campbell; that the said instrument sued on was given therefor, and for an extension of the time of payment thereon, from the date of said instrument to its maturity; that said instrument was given in consideration of said Wooten's surrender of said note on A. J. Campbell, which was in fact surrendered, or a receipt given against the same; and that said instrument was assigned by said Wooten, before its maturity, to these plaintiffs. The evidence on the part of said J. R. Campbell tended to show, that he was a surety of said A. W. Perry, and that the obligation of said A. J. Campbell, or the receipt given against the same, was delivered by said Wooten to said A. W. Perry. Said defendant Campbell, in his examination as a witness in his own behalf, stated, that he did not execute the said instrument sued on, nor authorize said Wooten to execute it for him, either in his presence, or otherwise; but said Wooten testified, that he signed the name of said Campbell to said instrument, by said Campbell's direction, and in his presence; and said Wooten was supported in this by the testimony of another witness, tending to corroborate his statement as to the signing of said Campbell's name. Said Wooten stated, also, on cross-examination, that he knew, at the time he signed said Campbell's name to said instrument, that he was only the surety of Perry."

"Upon this evidence, without more upon the issues named," the plaintiffs requested the following charges to the jury: 1. "Under the evidence in this cause, if believed by the jury, as to the plea of the statute of frauds, they must find the issue in favor of the plaintiffs." 2. "If the jury believe, from the evidence, that Wooten agreed, for and in consideration of the paper sued on, to surrender a debt held by him on another Campbell, then they must find the issue on the statute of frauds in favor of the plaintiffs." 3. "Under the evidence in this case, the undertaking on the part of said defendant Campbell is an original undertaking, and not an undertaking to answer for the debt of another under the statute of frauds." 4. "If the jury believe, from the evidence, that the name of said Campbell was signed to said instrument by Wooten, in the presence, and by the direction of said Campbell, then the signature of said Campbell's name, under such circumstances, was really Campbell's signing, and was not within or void by the statute of frauds." These several charges were refused by the court, and exceptions were duly reserved by the plaintiffs to their refusal; and this refusal is now assigned as error.

HAMILL & LUSK, for the appellants, cited Browne on Statute of Frauds, § 193; *Underwood v. Lovelace*, 61 Ala. 155; *Thornton v. Guice*, 73 Ala. 321; *Lehman v. Levy*, 69 Ala. 48; *Rut-*

[Carlisle, Jones & Co. v. Campbell.]

ledge v. *Townsend*, 38 Ala. 706; *Carey v. Brabason*, 10 Abb. Pr. 368; *Bates v. Starr*, 6 Ala. 697; *Merrill v. Smith*, 12 Ala. 569; *Martin v. Black*, 21 Ala. 721; *Summerhill v. Tapp*, 52 Ala. 227; *Br. Bank v. James*, 9 Ala. 949.

L. R. HANNA, *contra*, cited *Bickley v. Keenan & Co.*, 60 Ala. 293; 3 Parsons on Contracts, 10, and cases cited; 37 Amer. Dec. 148; 31 *Ib.* 612; 49 *Ib.* 347, 637.

STONE, C. J.—This case appears to have gone off in the court below on the defense of the statute of frauds. The testimony tends to show, that another Campbell, father of the one sued, was indebted to Wooten, and that the contract sued on was executed by Perry and the younger Campbell, in payment and substitution of the debt of the elder Campbell. If this be so, and if, by virtue of the new agreement, the debt of the elder Campbell was extinguished, or ceased to be a binding, subsisting indebtedness, then the substituted contract became an original undertaking based on a sufficient consideration, and the statute of frauds has nothing to do with the case; and if on such surrender, or cancellation of the debt of the elder Campbell, Perry signed the new agreement as principal, and Campbell, as part of the agreement, signed contemporaneously as his surety, then the consideration on which Perry's promise was based, equally upheld that of the younger Campbell, his surety.—*Rutledge v. Townsend*, 38 Ala. 712; *Underwood v. Lovelace*, 61 Ala. 155; *Dunbar v. Smith*, 66 Ala. 490; *Thornton v. Guice*, 73 Ala. 321.

Under the principles above declared, charges numbered two and three ought to have been given.

The testimony tends to show, that Wooten, the payee of the contract sued on, executed the paper declared on, so far as Campbell's name appears thereto. Campbell filed a sworn plea, denying its execution. We have shown that the cancellation of the elder Campbell's indebtedness would uphold the promise of Perry, which it is not denied he made. We have shown, also, that this consideration would equally uphold a promise made by Campbell as his surety. But, to have that effect, Campbell's promise must have been in the form of a co-maker of the contract, signed thereto before it was consummated by delivery.—*Jackson v. Jackson*, 7 Ala. 791. Any contract not so signed by him, or by his authority, would not bind him. The testimony tends to show, that Wooten, the promisee, signed the name of Campbell to the contract declared on, and which purports to be signed by Campbell's mark. Can a promisee become the agent of the promisor for such a service? We think not.— *Wright v. Dannah*, 2 Campb. 203; *Rayner v.*

*Linthorne*, 2 C. & P. 124; *Farebrother v. Simmons*, 5 B. & Ald. 333; *Shaw v. Finney*, 13 Metc. 453; 3 Pars. on Contr. 6th Ed., 10, and notes. The fourth charge asked was rightly refused.

Reversed and remanded.