## A. M. Karns & Sons v. James McGraw Company.

*Statute of frauds—Promise not within the statute—Promisor with funds—Estoppel.*

1. Where a person who promises to pay the debt of another has in his hands funds of such other applicable to payment of the latter's debts, he is bound by such promise, although it is not in writing.

2. Even if he has not such funds, yet if he says at the time that he makes the promise that he has the funds, and property is released from attachment in consequence, he is estopped from denying his liability.

Rules for new trial and for judgment *n. o. v.* C. P. Fulton Co., Oct. T., 1920, No. 32.

*John P. Sipes*, for rules; *John R. Jackson*, contra.

McPHERSON, P. J., Oct. 3, 1921.—Testimony in this case developed these facts: The defendant, as a contractor with the Commonwealth of Pennsylvania, was completing a contract to build a concrete road of approximately three miles in length, located on the Lincoln Highway, within the limits of Fulton County. The Walsh Transportation Company, under contract with the defendant, was operating one or more trucks in hauling material and supplies used on this road contract, and thus became indebted to the plaintiff in the sum of $157.29. The plaintiff failed to secure payment of this account, and in a proceeding before A. D. Peightel, a justice of the peace in and for Fulton County, issued an attachment and had seized a truck owned by the said Walsh Transportation Company. Subsequent to the issuing and service of this attachment, John Donovan, the local representative of the defendant company in charge of the work of completing the said road, and of the account arising therefrom, interested himself in the situation created by this attachment, and on Dec. 2, 1920, in company with the Walshes, owners of the Walsh Transportation Company, and A. D. Peightel, the justice of the peace in question, went to the Fulton County Bank, in McConnellsburg, and requested Wilson L. Nace, the cashier of said bank, to call up the office of the defendant company in Philadelphia, and to state to the company the situation in relation to the attachment, in the hope of securing its release and the payment of the account by the defendant. Mr. Nace called up the company's office and talked with Mr. Young, the secretary or treasurer of the defendant company, to whom he told the situation and submitted the question of the payment of the account by the defendant. In reply, Mr. Young stated that: "We would pay the account if we owed the Walsh Transportation Company that amount of money." Mr. Nace then stated to Mr. Young that Mr. Donovan was present, who said that to-morrow was the pay-day of the defendant and that the company owed to the Walsh Transportation Company more than sufficient money to pay these accounts. This last statement was made either direct by Mr. Donovan to Mr. Young, over the wire, or by Mr. Nace to Mr. Young, repeating a statement made by Mr. Donovan.

Thereupon Mr. Young replied that the defendant company would pay the plaintiff's account, and offered to send the amount of the same by check to Mr. Nace. However, Mr. Nace demurred, and at his suggestion it was arranged over the wire, between him and Mr. Young, that the check in payment of the plaintiff's account should be sent direct to A. D. Peightel, Esq., the justice who had issued the writ of attachment, and before whom the proceeding to collect the plaintiff's account was pending. This Mr. Young promised the company would do. At the time of the completion of this arrangement, or immediately thereafter, Mr. Nace saw the plaintiff and told him of the circumstances and the promise on the part of the defendant company to pay the account, as above outlined. Thereupon the plaintiff withdrew the attachment and released the truck to the Walsh Transportation Company. The defendant company never sent the check to Mr. Peightel, as promised, and hence this suit.

In view of these facts and the inferences necessarily flowing from them, most important of which was the acquiescence by the Walsh Transportation Company in the arrangement made, whereby, from the funds that were due from the McGraw Company to the Walsh Transportation Company, the account due from the Walsh Transportation Company to the plaintiff should be paid by the McGraw Company, the court directed the jury to find a verdict in favor of the plaintiff and against the defendant for the amount due, and refused to instruct the jury in accordance with the point presented by the defendant that, "under all the evidence, the verdict of the jury should be for the defendant."

After the verdict rendered, a motion for a new trial and for judgment *non obstante veredicto* was made by the defendant, and the disposition of this is the matter now at hand.

The defendant filed a number of reasons in support of the above motion, but on argument the single position was urged upon the court that, by reason of the statute of frauds, this promise on the part of the defendant, being a verbal promise to pay the debt of another, was unenforceable as against the defendant.

The provisions of the act are as follows: "No action shall be brought . . . whereby to charge the defendant upon any special promise to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memoranda or note thereof, shall be in writing and signed by the party to be charged, or some other person by him authorized."

Under the facts as above set forth and the inferences arising therefrom, it seems very clear that this promise on the part of the defendant is not within the statute of frauds, but is covered by the exception established by the courts in the construction of said act, as follows: "Whenever money or funds or securities or other property of a debtor are in the hands of another and pledged or devoted to the payment of his debts, the party holding the same and promising to pay is bound by the promise, and the case is not within the statute:" Stoudt *v.* Hine, 45 Pa. 30; Dock *v.* Boyd, 93 Pa. 92; Hall *v.* Lincoln Savings and Trust Co., 220 Pa. 485.

There is no evidence in this case to show that the statements of the defendant's agent, Donovan, accepted as correct by the secretary of the defendant and the Walshes, were incorrect, and we must assume, under the state of the record, that the defendant did have in its possession funds owing to the Walsh Transportation Company sufficient to pay the plaintiff, and which, by the arrangement above described and acquiesced in by the Walshes through their being parties to it and their acceptance of the benefits thereof, viz., the return

1 D. & C.

to them of the possession of their truck which had been attached at the instance of the plaintiff, were set aside or pledged for that purpose.

Even though the defendant in fact did not have funds in his hands due the Walsh Transportation Company sufficient to pay the plaintiff's claim, yet it was estopped from establishing that fact, in view of the release by the plaintiff of the truck from the lien of his attachment, in reliance upon the statement made by the defendant's agent, Donovan, accepted as true by the defendant's secretary, viz., that there were funds in defendant's hands sufficient to pay plaintiff's claim and the promise to pay him therefrom: Dock v. Boyd, 93 Pa. 92.

The promise of the defendant, therefore, coming within the above noted exception to the operation of the statute of frauds, is enforceable against the defendant by the plaintiff, and the verdict rendered should be sustained.

And now, Oct. 3, 1921, motion for a new trial and for judgment *non obstante veredicto* overruled, and, upon payment of the jury fee, judgment is ordered to be entered on the verdict in favor of the plaintiff.