## Karwoski v. Berks County Poor District

*Charles W. Matten, Harry R. Matten* and *Mark C. Mc-Quillen,* for plaintiff.

*James F. Marx,* for defendant.

SHANAMAN, J., September 5, 1935.—This was a suit in assumpsit on an oral contract. An affidavit of defense was filed, admitting, or not sufficiently denying, the facts relative to plaintiff's claim. At the trial no testimony was taken, but plaintiff offered the admissions contained in defendant's affidavit of defense. The court directed a verdict for plaintiff for $205.50. Defendant took rules for judgment n. o. v. and for new trial. The sole point raised by defendant at the trial and now is that the agreement whereon suit was brought was within the statute of frauds, and therefore unenforceable because not in writing.

During the grave economic and financial depression of recent years, extensive unemployment and consequent poverty and destitution existed within the jurisdiction of the Berks County Poor District, and called for relief. While this does not appear of record, it is a circumstance of which the court will take judicial notice, because it is commonly known, has been the object of constant public attention and varied remedial effort, and has now for some years insistently impressed itself upon the mind and conscience of the community. The Directors of the Berks County Poor District adopted a policy of paying rent for certain destitute persons instead of maintaining them in

the county home. While this fact is well and publicly known and not disputed, it does not specifically appear in the pleadings and is not, in our opinion, a circumstance of which we can take judicial notice. However, it may fairly be inferred from the averment of paragraph 4 of plaintiff's amended statement:

"That on or about September 15, 1931, the defendant by its agents, servants, representatives and employes Joseph Delewski, J. Clinton Bach and Milton R. Luft, duly acting within the scope of their authority and employment and on behalf of said defendant, orally agreed with the said plaintiff that if said plaintiff would rent or lease said premises 619 S. Sixth Street to Adam R. Berger and Florence M. Berger, a destitute family, said defendant would pay the rent therefor at the rate of $20 per month during the occupancy of said Adam R. Berger and Florence M. Berger."

Defendant's answer to that paragraph was as follows:

"Denied. It is denied that Joseph Delewski was an agent of the defendant and that he was acting within the scope of his authority in making any agreement as set forth in plaintiff's statement with said plaintiff, Felix Karwoski."

Counsel for defendant, upon the trial, stated to the court that the denial was only as to the authority of Delewski and not as to that of the directors of the poor, Messrs. Luft and Bach.

The pleadings and the notes of testimony establish that the agreement, as averred by plaintiff, was made by defendant, acting through its proper officers, and for a proper and legal purpose of poor relief, and that the parties submitted the case upon the legal point involved as to the unenforceability of the agreement, arising out of its not having been put into signed and written form. In defendant's brief, defendant repeats that it does not deny that the contract was made with authority, but relies upon its original contention that the statute of frauds prevents recovery. We shall therefore determine

the case upon the legal point which constitutes the issue between the parties.

The statute of frauds (Act of April 26, 1855, P. L. 308, sec. 1, 33 PS §3) provides as follows:

"That no action shall be brought whereby to charge any executor or administrator, upon any promise to answer damages out of his own estate, or whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized."

The question is whether the promise of the poor district was to answer for the debt of another, namely, the tenant, in which case it is unenforceable because not in writing, or whether it was, as plaintiff contends, the creation of an original debt due by the defendant to plaintiff, to which the liability of the tenant was either secondary or nonexistent, in which case the statute of frauds would not apply: Nugent v. Wolfe, 111 Pa. 471; Bailey v. Marshall, 174 Pa. 602; Burr v. Mazer, 2 Pa. Superior Ct. 436.

The affidavit of defense expressly admits (paragraphs 5, 6, 7, 8) that plaintiff accepted the agreement with defendant, set forth in paragraph 4, and leased his premises to the said tenants, for a term beginning September 19, 1931, at a rental of $20 a month; that thereupon defendant paid plaintiff the sum of $20 for the first month's rent; that thereafter defendant paid the second month's rent; that thereafter defendant requested plaintiff to reduce the rent to $15 a month and paid said reduced rent for three months, that defendant thereafter requested plaintiff to reduce the rent further to $10 a month and paid such further reduced rent for two months; that thereafter defendant refused to pay any rent from April 19, 1932, although the tenants continued to be in destitute circumstances and to occupy the leased

premises. It will be observed that the affidavit of defense admits these facts, but does not set forth any act of the poor board to terminate the agreement with plaintiff, nor any notice of such termination brought home to plaintiff. All that is set forth is a bare refusal to pay the rent subsequently accruing. The record does not reveal, furthermore, whether the lease entered into between plaintiff and the tenants was oral or written, or whether the tenants agreed thereby to pay the rent, or whether or not the tenants were already occupying the premises under a prior and subsisting lease from plaintiff when the oral agreement with the poor board was made. The very fact that the tenants were destitute and were helped by the poor board renders it very arguable that they were not intended to be debtors at all, or at most, to be secondarily and not primarily liable. On the record it seems absolutely clear that the agreement sued on was an original agreement entered into between plaintiff and defendant; that the chief purpose of defendant was to perform its duty of supporting the indigent tenants; that the obligation to pay the rental was its own direct obligation, which it at once indeed performed by paying the first month's rent, and thereafter the rental for many succeeding months as described above; that the obligation of the poor board was at least primary, and as far as the record shows may have been exclusive; and that its agreement therefore was not a guaranty or suretyship or promise to stand good for the debt of another. It follows that the agreement was enforceable though oral, and since no evidence of a legal termination of the poor board's liability appears, the verdict must be sustained.

The case of Riegelman v. Focht, 141 Pa. 380, cited by defendant, is distinguishable on its facts. In that case the tenant had made a lease for one year and was in possession. The term had not expired; he had paid some of the rent and was in default for the rest. Defendant's father orally promised plaintiff to pay the rent if his son was not evicted. The facts in that case therefore show

that there was an existing debt due and in default, and that the defendant orally promised to pay it, and show no circumstance of benefit to the defendant arising out of his promise. The only design or motive of defendant that appeared was a kindly feeling to the debtor, proceeding from the relationship of father and son. The case therefore was almost perfectly typical of the evil at which the statute is aimed, namely, where it is attempted to hold A to pay the debt of his friend or acquaintance, B, on oral testimony that he agreed so to do.

And now, to wit, September 5, 1935, the rules for judgment n. o. v. and for new trial are discharged.