Blumer, Appellant, *v.* Dorfman.

Argued March 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joyce Ullman,* for appellant.

*Samuel C. Nissenbaum,* for appellee.

OPINION PER CURIAM, May 21, 1970:
Judgment affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

This is an appeal by Anna Blumer, plaintiff-appellant, from the order of the Court of Common Pleas No. 2, Philadelphia County, which granted the motion for judgment on the pleadings by Martin Dorfman, the defendant-appellee. In this action in assumpsit appellant attempted to collect from appellee damages totaling $5,925.84, which appellant alleged that she incurred in connection with the lease or occupancy of appellant's

real property at 1900 North 32nd Street in Philadelphia, Pennsylvania.

Although appellee is a real estate broker, who apparently was in the business of obtaining tenants for the appellant's property, appellant alleged in her complaint that appellee personally was responsible for (1) the monthly rental of $250 for December, 1968, and January, February, and March of 1969, or a total of $1,000, when a tenant obtained by appellee defaulted in payment of that rent; (2) a repair bill of $150, and an excess water bill of $1,925.84; and (3) rent of $250 per month from March, 1961, through January, 1962, the latter period of which appellee allegedly occupied the premises. The lower court decided in favor of the defendant-appellee on the pleadings on the basis that the alleged claim for damages came within the provisions of the Statute of Frauds, Act of April 26, 1855, P. L. 308, §1, 33 P.S. §3, which states, "No action shall be brought whereby to charge any executor or administrator, upon any promise to answer damages out of his own estate, or whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized." and under the Act of April 6, 1951, P. L. 69, art. II, §202, 68 P.S. §250.202, which states, "Real property . . . may be leased for a term of more than three years by a landlord to a tenant or by their respective agents lawfully authorized in writing. Any such lease must be in writing and signed by the parties making or creating the same, otherwise it shall have the force and effect of a lease at will only and shall not be given any greater force or effect either in law or in equity, notwithstanding any consideration therefor, unless the tenancy has continued for more than one

year and the landlord and tenant have recognized its rightful existence by claiming and admitting liability for the rent, in which case the tenancy shall become one .from year to year."

I disagree with the action of the majority in affirming the lower court for the reason that I believe that the appellant in her complaint alleged facts, which if proved to be true, would bring her claim outside the Statute of Frauds in all respects. Regarding the rent for the period, December, 1968, through March, 1969, she alleged in paragraph 4 of her complaint, "On or about the month of September, 1968, the defendant entered into an oral agreement with the plaintiff that he, the defendant, would, in consideration for the plaintiff releasing a former tenant from the balance of a lease on the above premises and entering into a new lease with a new tenant obtained by defendant, pay the monthly rental of $250.00 to plaintiff, in the event of a default by the new lessee, in addition to assuming the other obligations of the lease in the event of a default by the new lessee." In my opinion, in this paragraph, appellant alleged a novation, or a promise in form to pay or answer for the debt of another which is accepted by the promisee in lieu of his claim against the original debtor so that such claim is extinguished, thereby removing the promise from the statute. *Peter Burr v. Simon Mazer,* 2 Pa. Superior Ct. 436 (1896). Similarly, the appellant has alleged the extinguishment of her rights against the new lessee to support her claim against the appellee regarding the repair bill of $150 and the excess water bill of $1,925.84. In paragraph 8, appellant alleged, "In April, 1959, plaintiff and defendant entered into a new oral agreement whereby plaintiff agreed to release the new lessee, and to lease the premises to the defendant, and defendant agreed to pay plaintiff $250.00 per month, and to pay all excess water bills and repair bills, for a term of ten years,

and to assume all the lessee's obligations under the former lease."

Finally, in support of her claim for the unpaid rentals of $250 per month from March, 1961, to January, 1962, appellant alleged in paragraph 9 of her complaint that the defendant personally used and occupied the premises, and that the reasonable value of such use was the claimed amount. In my opinion, appellant has thus properly stated a cause of action in assumpsit.

For the above reasons, I respectfully dissent and would remand the case to the lower court for trial.

HOFFMAN, J., joins in this dissenting opinion.