[Henderson Law Co., et al. v. Hinson.]

# Henderson Law Co., *et al. v.* Hinson.

## *Trespass and Trover.*

### (Decided Nov. 24, 1908.   47 South. 717.)

1. *Appeal and Error; Complaint; Sufficiency; Questions Not Necessary to the Decided.*—Where one count of the complaint was good, under which all the testimony competent under another count would be admissible, the sufficiency of such other count, when attacked by demurrer, will not be determined on appeal.

2. *Prinicpal and Agent; Other Transactions of Agent; Evidence.*—Where the issue was between a senior and junior mortgagee as to the conversion of property (by the junior mortgagee) covered by both mortgages, where the property was taken by a third person to whom the junior mortgagee had transferred the mortgage, it was competent to show that such third person had collected other chattel mortgages for the junior mortgagee, on the issue as to whether such third person was the agent of the junior mortgagee.

3. *Same.*—Letters written by plaintiff's attorney to defendant setting forth plaintiff's claim to the chattel, and the facts on which the claim was based, demanding a return of the chattels, and damages, and letters written by defendant in reply thereto, stating that if plaintiff's attorney would meet defendant, the defendant could satisfy such attorney, that defendant could maintain all the ground covered in the matter, were admissible to show the agency of the third person who took the property under the junior mortgage, transferred to him by the defendant, that he was acting within the line of his agency, and that defendant had ratified his conduct in taking the chattels; the issue being whether such third person was the agent of defendant in the taking of the chattel.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by J. C. Hinson against the Henderson Law Company and another for the wrongful taking of a mule. From a judgment for plaintiff, defendants appeal. Affirmed.

Hinson claimed the mule under a mortgage given by one Jenkins to him, that Jenkins was in possession of the mule at the time the mortgage was given to him, and that at the time Black took the mule it was in Hinson's possession, having been delivered to Hinson by Jen-

[Henderson Law Co., et al. v. Hinson.]

kins under the mortgage. The evidence for defendant tended to show a forcible taking of the mule by Black from Hinson, and the contention seems to have been whether or not Black was the agent of the Henderson Law Company in the taking of the mule. The evidence further showed that a day or two after the taking the mule was in the lot of the Henderson Law Company. The date of Jenkins' mortgage to Hinson was December 18, 1905, and it appears to have been recorded on the 21st of December, 1905. There seems to have been a mortgage given on February 9, 1906, by Jenkins to the Henderson Law Company on all his live stock, etc. This mortgage is also recorded. This mortgage appears to have been transferred from the Henderson Law Company to defendant Black before the seizure of the mule by Black. The other facts are sufficiently stated in the opinion. The following charges were refused to the appellant: (1) The general affirmative charge. "(2) The court charges the jury that the evidence in this case fails to show that the Henderson-Law Company authorized the wrongful taking of the mule in question or afterwards ratified it with full knowledge of all the facts connected with said taking."

C. D. CARMICHAEL, for appellant. The court erred in overruling demurrer to third count.—*Southern Bell T. & T. Co. v. Francis*, 109 Ala. 224. The court erred in admitting in evidence the letter written by Mulkey to appellant corporation. The President of the corporation has no more authority to bind the corporation than any other director has.—109 Ala. 671; 83 Ala. 260; 10 Cyc. 903. The appellant was entitled to the affirmative charge as requested.—*Anderson v. R. R. Co.*, 109 Ala. 129; *R. R. Co. v. Lancaster*, 121 Ala. 471; *R. R. Co. v. Daniel*, 122 Ala. 365; *Moody v. A. G. S. R. R. Co.*, 99.

41 R

Ala. 553. As to the rule of the liability of the master for the torts of the servant or agent, attention is called to the following cases.—*Hardman v. Williams,* 43 South. 726; *Goodloe v. M. & O. R. R. Co.,* 107 Ala. 233; *So. Bell T. & T. Co. v. Francis, supra; City Delivery Co. v. Henry,* 139 Ala. 161; *Singer Mfg. Co. v. Taylor,* 43 South. 210; *Palos S. & Co. v. Benson,* 39 South. 727. No ratification was shown.—*C. of G. Ry. Co. v. Smith,* 76 Ala. 572.

W. O. MULKEY, for appellee. The counts were sufficient.—*Burns v. George,* 119 Ala. 504; *A. G. S. R. R. Co. v. Collier,* 112 Ala. 681. There was a ratification.—*Bibb v. Hall,* 101 Ala. 79; *Oswalt v. Smith,* 97 Ala. 627. Ratification is equivalent to original authorization.—*Hollo-way v. Harper,* 108 Ala. 647. But aside from this the complaint was good.—*Hardeman v. Williams,* 43 South. 726; *Kennon v. Telephone Co.,* 92 Ala. 399; *R. R. Co. v. Hall,* 91 Ala. 112.

The court did not err in admission or exclusion of evidence.—10 Ency. Evi. 21; *Transportation Co. v. Kavanaugh,* 101 Ala. 1; *Foxworth v. Brown,* 120 Ala. 59. The court properly refused the affirmative charge.— *Carter v. Fulgham,* 134 Ala. 242.

HARALSON, J.—The plea in the case was the general issue. The first count was a simple count in trespass, for the wrongful taking, by defendant, of "one bay mare mule," the property of the plaintiff.

The second count was, by leave of court, withdrawn by the plaintiff. The third count was demurred to by defendant on several grounds, and the demurrer was overruled. It is unnecessary to consider the sufficiency vel non of this count, as the first count is in Code form, and under it all testimony competent under the third count might have been introduced.

[Henderson Law Co., et al. v. Hinson.]

The plaintiff introduced as a witness, one Bledsoe, and asked him to state, "whether or not, during the fall of 1896, he was indebted to defendant law company by mortgage; and if defendant Black, at that time had his mortgage to said company for collection, and if he paid the money on the same to said Black, who delivered the mortgage to witness. These questions were objected to because illegal, immaterial and irrelevant, which objections were overruled. The witness answered the questions in the affirmative. One of the main questions in the case was, whether Black was the agent of said company for the collection of indebtedness of persons owning the company, including the plaintiff, who paid his mortgage to Black, who had the same for collection; and whether or not he was acting within the scope of his agency in collecting plaintiff's mortgage. The plaintiff testified, that on the day before Black took the mule from him, said Black had in his possession for collection, two mortgages from plaintiff to the Henderson Law Company, which he said he was collecting for them, and plaintiff settled and paid them to him.

All this testimony was competent on the question of the agency of Black in respect to the matter in controversy.

It was shown, and admitted, that J. E. Henderson was and had been continuously for two or three years prior to the time of the trial, president of the Henderson Law Company, a private corporation; and it further appears, that in this matter he held himself out as representing said company. It appears that W. O. Mulkey, as the attorney for plaintiff, on December 1 and December 6, 1906, addressed, in behalf of the plaintiff, letters to the Henderson Company, in which he set forth the claim of the plaintiff to the mule and the facts on which it was based, and demanded a return of the ani-

[Henderson Law Co., et al. v. Hinson.]

mal to plaintiff, and stated that unless this was done, and the damage amounting to $50.00 were paid, the plaintiff would hold the company to a ratification of the act of their agent in taking the mule, and asked whether or not they proposed to ratify the transaction and whether they proposed to reimburse the plaintiff in the matter as stated. These letters, it was shown in his reply thereto, were received by Henderson on December 8th, following. He did not therein accede to the request made of him, but stated, that if Mulkey would meet him, he would take pleasure in satisfying him that the company could maintain all the gorund which they had covered in the matter. This correspondence was properly admitted in evidence, as tending to show agency of Black in the matter; that he was acting in the line of his agency; and that the company ratified his conduct, —all as insisted on by plaintiff, which were questions proper for the jury to decide under the evidence.

Under all the evidence, it was open for the jury to find that the transfer of the mortgage under which Black took the mule, was simulated, and that in taking the mule he was acting as the authorized agent of the defendant. Therefore, the charges requested in writing by defendant were properly refused.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.