[Louisville & Nashville Railroad Co. v. Perkins.]

# Louisville & Nashville Railroad Co. v. Perkins.

## Death of Passenger.

(Decided Dec. 16, 1910.   Rehearing denied Feb. 26, 1910.
51 South. 870.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the answers are favorable to the party complaining, error in sustaining objection to question is harmless, especially where the objections were not interposed until after answer.

2. *Witnesses; Contradiction; Inconsistent Facts.*—Where it appeared that a witness would testify that he saw a person at another's house on a certain day, such other person may testify that such witness was not at the house on that day, since it was simply the showing of a fact inconsistent with the latter's statement, and not an impeachment of the witness without laying a predicate.

3. *Evidence; Opinion.*—One cannot testify as to whether or not another person knew that a suit was pending.

4. *Trial; Argument of Counsel.*—Where no fact is asserted, but simply an inference is drawn and an argument made, though not strictly pertinent to the issue, it is not error to refuse to exclude such argument.

5. *Charge of Court; Argumentative.*—Argumentative instructions are properly refused.

6. *Same; Particular Facts.*—A court cannot be required to charge that there is no evidence of a particular face.

APPPEAL from Escambia Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by W. P. Perkins as administrator, against the Louisville & Nashville Railroad Company, for damages, for the death of his intestate while a passenger. Judgment for plaintiff and defendant appeals. Reversed and remanded.

J. M. CHILTON, and M. A. RABB, for appellant.—The court erred in permitting the witness Burke to be asked if he had not sworn out a warrant against Williams for perjury. While it is a general rule that objections must

[Louisville & Nashville Railroad Co. v. Perkins.]

be interposed to the question before the answer is made. the exception to that rule is that it may be objected to at any time if the answer is not responsive.—*Jones v. Ross,* 98 Ala. 448. A witness who testifies to the good character of a person may be asked on cross-examination whether or not he had heard of certain offenses charged against defendant before trial, hence, the question to the witness Henderson should have been allowed.—3 Ency. of Evid. 44; *Leonard v. Allen,* 12 Cush. 241; *Smith v. The State,* 103 Ala. 57. The court erred in not permitting the defendant to show by Henderson whether or not a certain person was at his house on a certain day as contradictory of statements by a witness that he saw him there on that day.—7 Ency. of Evid. 96; *Gafford v. The State,* 125 Ala. 1. The same rule applies in civil cases.—*Poole v. Deevers,* 30 Ala. 273. Counsel discuss other assignments of error, but without citation of authority. They insist that plaintiff was not entitled to recover because of the fact that no administrator had been appointed at the time the suit was begun, and cite in support thereof authorities cited on former appeal, on that issue.

POWELL & HAMILTON, WEBB & McALPINE, and LEIGH & LEIGH, for appellee.—The law does not permit a party to wait until a question is answered and then if not beneficial, to object to it.—*McCalman v. The State,* 96 Ala. 99; *Billingsley v. The State,* 96 Ala. 126; *L. & L. & G. I. Co. v. Tillis,* 110 Ala. 201. If the question is objected to and is re-stated in a different manner, the objection should be repeated.—*State v. Lyons,* 37 South. 890; 27 N. Y. 390; 56 N. W. 196. Where the irrelevancy appears from the evidence itself, an objection to the evidence as irrelevant is sufficient, but otherwise such a general objection is not regarded as sufficient.—9 Ency. of Evi. 73. Objections upon one ground is a waiver of

other grounds.—*A. G. S. v. Bailey,* 112 Ala. 167; *Ballow v. Collins,* 139 Ala. 543.

SIMPSON, J.—This is an action for damages on account of the death of plaintiff's (appellee's) intestate, and has been before this court twice before.—*L. & N. R. R. Co. v. Perkins,* 144 Ala. 325, 39 South. 305; *L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 44 South. 602.

1. As the answer to the questions to the witness Burke in regard to instituting proceedings for perjury were favorable to the defendant, if there was error in overruling objections to the questions, it was without injury.—*L. & N. R. R. v. Banks,* 132 Ala. 485, 31 South. 573.

2. For a similar reason, and because the objection was not made until after the answer to the question in regard to bringing the witness from Montgomery to Greenville in irons, there was no reversible error in overruling objections made. The answer was that witness had nothing to do with it.

3. There was no error in overruling the objection to the question to the witness Shade Henderson, Jr.: "Was he at your house on Sunday?" etc. (referring to the witness Darley). In the written statement as to what Darley would swear, it was averred that he saw Dykes at the house of Henderson on the day referred to; and it was permissible to show by other witnesses that he was not at said house on said day. This was simply showing other facts inconsistent with his statement, and was not impeaching the witness without laying a proper predicate.—*So. Ry. v. Hobbs,* 151 Ala. 337, 353, 43 South. 844.

4. The court erred in overruling the objection to the questions to the witness Shade Henderson as to whether Oscar Darley knew that this suit was pending, etc. A witness cannot testify as to the cognitions of another.

—*Bailey v. State,* 107 Ala. 161, 153, 18 South. 234; *Ashford et al. v. Ashford et al.,* 136 Ala. 633, 640, 34 South. 10, 96 Am. St. Rep. 82; *Central of Georgia Ry. v. Martin,* 138 Ala. 533, 547, 36 South. 426; *Braham v. State,* 143 Ala. 29, 42, 38 South. 919; *Delaney v. State,* 148 Ala. 587, 42 South. 815; *West Pratt Coal Co. v. Andrews,* 150 Ala. 369, 376, 43 South. 348. There is an expression in the case of *Abbett v. Page,* 92 Ala. 575, 9 South. 333, which seems contrary to the above authorities, to wit, that "a person's knowledge of a thing is a fact to which a witness may testify"; but, besides the fact that the matter therein referred to was a matter of common observation, the authorities therein referred to relate to a different subject, and the numerous later decisions of our court have settled the principle as above announced.

5. There was no error in the refusal of the court to exclude the remarks of counsel for the plaintiff in argument. While they were not strictly pertinent to the issues as made by the pleading, yet no fact was asserted, but simply an argument was made and an inference drawn.

6. Charge A8 and charge 30, requested by the defendant, were argumentative, and properly refused.

Charge U was properly refused. The court cannot be required to charge the jury that there is no evidence of a particular fact.

As this case must be reversed for the error mentioned, it is not necessary to pass upon the refusal to grant a new trial.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.