## Southern Railway Co. *v.* Haynes.

*Injury to Passenger.*

(Decided May 21, 1914. 65 South. 339.)

1. *Carriers; Passengers; Assault On; Pleading.*—Where the complaint alleged an assault and battery committed on plaintiff, a passenger, by a third party, while plaintiff was in defendant's depot, and that defendant's agent in charge of the depot had knowledge of the impending assault, and was informed that the assault was impending, and that it was necessary to intervene to protect plaintiff, and failed and refused to do so, it stated sufficient facts to show a duty to protect plaintiff from the assault, and a breach of that duty, and was not defective for failure to show that the agent had knowledge of the intended assault in time to have prevented it.

2. *Same; Evidence.*—Where the action was for an assault on a passenger committed by a third party in defendant's depot, evidence that plaintiff did not continue his trip for which he had purchased a ticket, was not erroneously admitted.

3. *Same.*—It was not error to refuse to allow defendant to show that its agent knew nothing at all of any ill feeling between plaintiff and the assaulting third person.

4. *Same; Competency; Mode.*—Where the negligence charged against defendant was that its agent knew of the impending assault and failed and refused to intervene to protect plaintiff, it was error to permit the assaulting party to testify as to his motive or reason for the assault, the tendency of which was to show that plaintiff has reported him for a violation of the liquor laws; such party not being sued, and defendant not being responsible for his secret motives.

[Southern Railway Co. v. Haynes.]

5. *Same.*—Such evidence was also objectionable as being the secret or uncommunicated motive or intention of the witness and a mere conclusion.

6. *Evidence; Opinion.*—It was not proper to permit a witness to give his opinion that there was not sufficient time for the agent to interfere after the third party commenced the assault on plaintiff and before he struck him; the witness should have been permitted to state the facts and let the jury draw the conclusion.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by T. A. Haynes against the Southern Railway Company for damages for an assault committed upon him by a third party while in the depot of defendant company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

KNOX, ACKER, DIXON & STERNE, for appellant. The evidence showed that defendant's agent could not have prevented the assault, and defendant was entitled to the affirmative charge.—*So. Ry. v. Hanby,* 62 South. 871; *N. C. & St. L. v. Crosby,* 62 South. 889; *Batton v. S. & N. A. Ry.,* 77 Ala. 590. The defendant was entitled to the affirmative charge on the ground also that it was not shown that plaintiff was a passenger at the time of the assault.—*Andrews v. N. B. Ry. Co.,* 38 South. 773; 9 A. & E. Ann. cases 1096. On the authorities first cited the demurrers to the complaint should have been sustained because it was not shown that defendant's agent had an opportunity to prevent the assault. The complaint did not show the relation of passenger and carrier.—*N. Bir. Ry. Co. v. Liddicoat,* 99 Ala. 545; *Hanley v. Schaeffer,* 59 South. 386. The court erred in permitting plaintiff to show that he did not continue his trip that night.—*Pope v. State,* 166 Ala. 33; *Smith v. State,* 62 South. 571; *Polnitz v. State,* 1 Ala. App. 121. The court erred in permitting plaintiff to make proof of the reason for the assault.—*Marsh v. Frick,* 1 Ala. App. 655; *Weaver v. State,* 1 Ala. App. 48.

Ross Blackmon, and Merrill & Walker, for appellee. Plaintiff was a passenger and entitled to protection as such.—*N. Bir. Ry. v. Liddicoat,* 99 Ala. 545; *A. C. G. & A. Ry. v. Bates,* 149 Ala. 487; 6 Cyc. 536; 66 L. R. A. 508. Being a passenger defendant owed him the duty of protection against assault.—*N. C. & St. L. v. Crosby,* 62 South. 892; 6 Cyc. 604; *Culberson v. Empire C. Co.,* 156 Ala. 417. From these authorities it results that no error was comitted in overruling demurrers to the complaint, nor in refusing to give the affirmative charge, or in the admission or rejection of evidence.

MAYFIELD, J.—This is an action by a passenger against a carrier to recover damages for an assault and battery committed by a third party while plaintiff was in defendant's depot or waiting room. The actionable negligence or breach of duty relied upon to charge the carrier with liability is as follows:

"That one Hall, servant and agent of the defendant in charge of said depot, had knowledge of the danger that was impending to plaintiff, and was informed that said assault was impending, or had knowledge that it was necessary to intervene in order to protect this plaintiff, and said servant or agent knowingly failed or refused to discharge the duty devolving upon him of interfering or intervening in order to protect the plaintiff, and such negligence on the part of such servant or agent of the defendant resulted in the injury to the plaintiff herein above set forth."

It is first insisted by appellant (defendant below) that the complaint was defective in not stating sufficient facts to show a duty to protect plaintiff from the assault and a breach of that duty. One notable insistence is that there is a total lack of allegation that the agent of the defendant had knowledge or notice of the intended

assault in time to have prevented it. This element of liability is not alleged in words, but is alleged in effect or substance.

The complaint, or counts A and 3 on which the case was tried, were practically copied from counts held good by this court in the case of *Culberson v. Empire Coal Company,* 156 Ala. 417, 47 South. 237. It is insisted by appellant that the above case was, in effect, though not expressly, overruled by the later case of *Southern Railway Co. v. Hanby* 183 Ala. 225, 62 South. 871. We do not think the two cases are in conflict. The allegations in the two complaints were not at all similar. In *Hanby's Case* there was no allegation similar to the one in this case, that the—

"agent in charge of the depot had knowledge of the danger that was impending to plaintiff, and was informed that said assault was impending."

This is a material allegation, and helped to supply the defect pointed out in the *Hanby Case, supra.* The insistence of counsel for appellant as to the defect in the counts in this case is well answered in the *Culberson Case, supra.*

There was no error in allowing the plaintiff to show that he did not continue his trip for which he had purchased his ticket on the night of the assault. This evidence was clearly relevant.

There was no error in declining to allow the witness Stewart to give his opinion that there was not sufficient time for the agent to interfere after Brown addressed plaintiff, and before he struck him. The witness should have stated the facts, and let the jury draw the conclusion.

There was no error in refusing to allow the defendant to prove by the witness Brown that the defendant's agent, Hall, knew nothing of any ill feeling between

plaintiff and Brown. It has been repeatedly ruled by this court that one person cannot testify as to the cognovit of another person.—*L. & N. R. R. Co. v. Perkins,* 165 Ala. 471, 51 South. 870, 21 Ann. Cas. 1073.

It was error, however, to require the witness Brown, over the objection of the defendant, to state to the jury, his conclusion as to the motive, cause, or reason for his assaulting plaintiff. The witness, although the sole party who committed the assault and, so far as this record shows, committed it without justifiable cause or excuse, was not sued in this action, was not a party to the suit, and was not the agent or servant of the defendant railroad company, the sole party defendant. The defendant was not at all responsible or liable for his secret motives in assaulting the plaintiff. The sole fault alleged against the defendant was that its agent, Hall, had knowledge or notice of the impending assault, and with such knowledge or notice failed or refused to discharge the duty devolving upon him of interfering or intervening in order to protect the plaintiff. This evidence had no tendency to prove this material issue or any other fact for which the defendant could be made liable. The evident object of the plaintiff's cross-examination of this witness was to show that the witness assaulted plaintiff because plaintiff had reported him for a violation of the prohibition laws. It was not shown or attempted to be shown that the defendant or its agent, at the time of the assault, knew of the witness' motive or intention to assault the plaintiff, or knew that plaintiff had reported the witness for violation of the prohibition law. The natural tendency of this evidence was to bias and prejudice the jury against the defendant and in favor of the plaintiff. Its tendency was to show that the plaintiff was a law-abiding man, and that Brown was a lawless man, and assaulted the plaintiff because the plaintiff

was trying to enforce the law.  If Brown had been the party sued, this fact would have been competent and admissible; but it was not so as against a third party, a stranger to both parties, and one who had no knowledge or notice of such fact.

The question was also objectionable because it called for the secret and uncommunicated motive or intention of the witness, and for a mere conclusion of the witness, which, under our decisions, is not admissible.  There are some exceptions to this rule; but this case does not come within any one of them.

As the cause must be reversed on account of the errors pointed out, it is unnecessary to pass upon other questions.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.