# Conner *v.* Ray.

### Assumpsit.

(Decided November 4, 1915.   70 South. 130.)

1. **Partnership; Proof; Admission by Partner.**—Where there is prima facie evidence of the partnership, declaration and admission of one of the alleged partners are admissible to confirm the fact and define the scope of the partnership, but unless it is established to the reasonable satisfaction of the jury, such admissions are binding only on the party making them.

2. **Trial; Order of Proof; Discretion.**—The order of proof rests in the discretion of the trial court, and evidence may be admitted before the proof which is necessary to render it competent has been made.

3. **Partnership; Liability of Partner.**—Where defendant not only permitted herself to be held out generally as a member of a firm for which plaintiff rendered service, but at different times assured him she was a partner, she was liable regardless of whether there was an actual partnership.

4. **Evidence; Opinion.**—Ordinarily a witness cannot testify as to the knowledge of another, yet where plaintiff claimed that defendant held herself out as a partner of the firm for which he rendered services, he may testify that defendant saw him while he was rendering such service.

5. **Charge of Court; Directing Verdict.**—Where the evidence prima facie establishes a defendant's liability, such a defendant is not entitled to a directed verdict.

6. **Same; Applicability to Evidence.**—Where plaintiff claimed that defendant held herself out as a member of a partnership, and so was estopped to deny her liability, charges on the law relating to the method of establishing a partnership inter se, were properly refused as inapplicable.

7. **Partnership; Liability; Binding Each Other.**—A stipulation between partners restricting the right of one of them to bind the firm, is not binding on outsiders unless they have notice thereof.

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

[Conner v. Ray.]

Assumpsit by W. T. Ray against M. A. Conner and S. A. McCoy as partners. Judgment for plaintiff, and defendant Conner appeals. Affirmed.

The action was on the common count and on a breach of contract. The pleas were the general issue and payment; Conner also filing a plea denying the existence of a partnership. While plaintiff was testifying as a witness, he was asked: "Who did McCoy say, composed the firm of Conner & McCoy?" Objection thereto being overruled, the witness answered that McCoy told him that Mrs. Conner and himself were partners, and that plaintiff was employed for Conner & McCoy, who were in the business of sawing logs and squaring timber and lumber; that the timber was Mrs. McCoy's, and that he hauled it to the mill, sawed it into timber and lumber, hauled it to Greenville, and shipped it off. Witness further testified that Mrs. Conner saw him at the mill at work on several occasions, one time to have the land lines run, and that she told him to go and see where the land lines were, and that he did, all of which was objected to. Witness was further permitted to testify that Mrs. Conner told him that if he would work out there, she would pay him. Other questions were reserved not necessary to be here set out.

The following charges were refused to defendant: (1) The court charges the jury that defendant S. A. McCoy could not, by his acts or declarations which were not known to, approved by, or acquiesced in by defendant M. A. Conner, bind defendant M. A. Conner in any manner.

(3) The court charges the jury that as to whether or not there was a partnership must be determined by their intention in entering into the agreement and in carrying out the agreement, and that a partnership cannot exist between parties unless such was their intention, and unless you believe that defendants were partners at the time of this transaction, or that defendant Conner authorized the transaction, or held out the defendant McCoy as a partner, and that plaintiff was thereby misled into entering into the transaction, then you cannot find a verdict against defendant M. A. Conner.

(8) The court charges the jury that under the undisputed evidence in this case, defendant McCoy was not a partner with defendant Conner at the time of such transaction, and that the said McCoy could not, by his actual declarations, which were not

[Conner v. Ray.]

known to, approved by, or acquiesced in by defendant Conner, bind defendant Conner in any manner.

(A1) The court charges the jury, should you find from the evidence that there existed a partnership between Mrs. M. A. Conner and S. A. McCoy, that one partner has not, without the consent of the other partner, power to bind the partnership, though he contracts in the firm name, by any contract not connected with and without the scope of his partnership business. The authority with which he is clothed, and on which strangers dealing with him as the representative of the partnership have the right to rely refers, and is confined to, the business of the partnership; and of the extent and character of the business, and the authority it involves, they must take notice at their own peril.

(A4) The court charges the jury that if you are reasonably satisfied from the evidence that Ray knew of McCoy's contract with Mrs. Conner to log the mill, then, in that event, you will find that Mrs. Conner is not responsible for the team of said Ray.

(A5) The mere fact two or more people agree to share the profits of a business does not make a partnership in law or in fact, but said agreement must go further and agree to share in the profits and losses before there is a partnership, and I further charge that there is no evidence that Mr. McCoy did not share in the losses.

R. B. SMYTHE, and THOMAS & WILEY, for appellant. LANE & LANE, and POWELL & HAMILTON, for appellee.

SAYRE, J.— (1, 2) Appellee recovered judgment against appellant and one McCoy, whom he sued as partners for work and labor done and for the use and hire of certain teams. Appellee's personal negotiation for the contract under which the work was done and teams furnished was with McCoy. Appellant insists that there was error, as against her, in allowing appellee to testify that during the negotiation, and at various subsequent times during the performance of the contract, McCoy said to him that the contract was being made and executed for and on behalf of a partnership composed of himself and appellant.

Before one alleged partner can be charged with the admissions or declarations of another, not made in his presence, the

partnership must be proved by other evidence. But where there is prima facie proof of the partnership, the declarations and admissions of one, made in the conduct of the alleged partnership business, are submitted to the jury, along with the other evidence, as tending to confirm the fact and define the scope of the partnership. The order in which testimony in such cases will be admitted lies within the discretion of the trial judge, but the jury should be instructed that admissions can only bind the party making them, unless the partnership is also proved to their reasonable satisfaction.—Jones on Ev. § 251; *Gibson v. Snow Hardware Co.,* 94 Ala. 346, 10 South. 304; *Clark v. Taylor,* 68 Ala. 453; *First Nat. Bank of Tuscaloosa v. Leland,* 122 Ala. 289, 25 South. 195; *Owensboro Wagon Co. v. Bliss,* 132 Ala. 253, 31 Sounth. 81, 90 Am. St. Rep. 907. There was evidence from sources of undisputed competency tending to show, and sufficient to establish, prima facie that the milling business in and about which appellee performed services, and to which he furnished his teams, was carried on in the name and for the benefit of appellant and McCoy, partners as alleged in the complaint. There was therefore no error in admitting the declarations of McCoy to which appellant reserved exceptions.

(3) Where the effect is to establish a partnership inter se, as was the case in *Watson v. Hamilton,* 180 Ala. 3, 60 South. 63, and some other of the cases cited by appellant, the different considerations there pointed out must be taken into account. Those cases are not in point here, for here the appellee, claiming as a creditor, sought to charge appellant on the ground that she not only permitted herself to be held out generally as a partner, but at different times assured him in person that she was a partner in the milling business, and would pay him, and that he furnished his labor and teams to the business with the understanding that she was a partner and in reliance upon the fact. There was ample evidence to sustain this theory of the facts, and, the facts being so found, appellant was liable whether she and McCoy were partners inter se or not.—Mayf. Dig., 387, § 71.

(4) The rule is generally stated in the authorities that a witness cannot testify to the cognition of another.—*L. & N. R. R. Co. v. Perkins,* 165 Ala. 471, 51 South. 870, 21 Ann. Cas. 1073, where many cases are cited. Appellee was allowed to testify, over appellant's objection, that appellant, on divers occasions,

had seen him and his team at work at the mill. We think the rule of the case above referred to does not convince the court of error in the present case. It was competent to show the fact as tending to prove appellant's knowledge and ratification of Mc-Coy's employment of appellee and his teams to do work about the mill in which appellant had an interest. But the fact was of such nature that, while his own sense of sight may have indutiably told the witness that appellant's eyes rested upon him and took cognizance of his presence, yet it was impracticable, well-nigh impossible, for the witness to state and describe every minute element entering into the fact to be proved better than by the collective statement elicited from the witness. The common sense of the situation demanded that the witness be allowed to say that the party saw him, or was looking at him, leaving the soundness of his conclusion to be tested by cross-examination.—*E. T., V. & G. R. R. Co. v. Watson,* 90 Ala. 41, 7 South. 813. The answer expressed the judgment of the witness about an ordinary matter, all the details of which could not well be laid before the jury. It was a shorthand rendering of the facts, a statement of collective fact such as has been allowed in our cases.—*Adler v. Pruitt,* 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889.

(5-7) There was no error in the refusal of the charges requested by appellant. All of them, except that numbered 8, which would have amounted to the general charge for appellant, and was, for that reason, properly refused on the evidence, were affected by one or both of two faults: They were framed with a view to the statement of the irrelevant law upon the subject of the establishment of partnerships inter se; or they sought to limit the right of appellee to rely upon the authority of the partner McCoy, in making the contract in controversy by a stipulation between the partners of which the jury may have found appellee had no notice; whereas, in the absence of such notice, appellee had the right in one aspect of the evidence to act upon the assumption that McCoy, as the partner of appellant, and as her agent by the same token, had authority to do everything necessary to the transaction of the partnership business in the usual way of such business.—*Louisville Coffin Co. v. Stokes,* 78 Ala. 372.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.