# La Duke *v.* John T. Barbee & Co.

### Assumpsit.

(Decided December 7, 1916. 73 South. 472.)

**Frauds, Statutes of; Oral Promise; Substituted Obligation.**—Where the buyer was entirely released and the obligation of one to whom the buyer sold his property and business was substituted, a new debt was created which was binding on the substituted debtor without liability on the part of the original debtor, though the new obligation was not reduced to writing in accordance with the statute of fraud.

APPEAL from the Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Assumpsit by John T. Barbee & Company against Tom La Duke. Judgment for the plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

EYSTER & EYSTER, for appellants. MELVIN HUTSON, for appellee.

MAYFIELD, J.—The case made on appeal is thus stated by counsel for appellant in their brief:

John T. Barbee & Co., a corporation, brought suit against Tom La Duke in the justice court of W. A. Pettey, on the 5th day of August, 1913, claiming $80 due by account made on or about June 13, 1912. Judgment was rendered in the justice court in favor of the plaintiff, the cause appealed to the Morgan county law and equity court, and the court directed a verdict of the jury in that case in favor of plaintiff on request of plaintiff in writing.

Jerry Tarpey was the only witness introduced, and his evidence is, in effect, that he and a fellow named Hall were in business in New Decatur, Ala., prior to September, 1912; that prior to this date the said partnership of Hall & Tarpey bought a shipment of whisky from John T. Barbee & Co.; that said shipment was placed in the place of business of Hall & Tarpey on Second avenue, New Decatur, and that Hall & Tarpey never paid

[La Duke v. John T. Barbee & Co.]

for the whisky; that the original amount due for the whisky was $146.50; that Hall & Tarpey had paid half of the amount, leaving a balance of $73.25; that in September, 1912, Hall & Tarpey sold to Tom La Duke their place of business in New Decatur, Ala.; that this sale was made for the sum of $500; that it was part of the agreement on the part of La Duke to pay the amount owed by said Hall & Tarpey to John T. Barbee & Co., for this shipment of whisky from Barbee & Co., to Hall & Tarpey.

The evidence shows further that a part of the consideration of this sale from Hall & Tarpey to La Duke was that Hall & Tarpey sold and transferred to said La Duke their goods, fixtures, business, and accounts, and money on hand in the bank; that part of the stock which Hall & Tarpey sold to Tom La Duke was glasses, spoons, bars, fixtures, money in the bank, and whisky; that the whole business was sold at one time to La Duke for one consideration, and involving only one transaction, and that said La Duke, in exchange for the stock of goods, accounts, whiskies, and business of the said Hall & Tarpey in New Decatur, Ala., agreed to pay the indebtedness of Hall & Tarpey to Barbee & Co.

This sole witness also testified that: "The original debt between Barbee & Co. and Hall & Tarpey was for $146.50. When we quit business, Hall & Tarpey paid Barbee & Co. one-half of this amount, and the agreement was between all three parties that La Duke would assume the balance of the debt, and Barbee & Co. agreed to this contract and released us. This contract was made when we sold out our business to Tom La Duke, at New Decatur, Ala.; Barbee & Co. knew of the contract and agreed to it."

We have no hesitancy in deciding that the trial court properly gave the affirmative charge with hypothesis for plaintiffs. Where the original debtor is entirely released or discharged, and the obligation or promise of another is substituted in place of that of the discharged debtor, a new debt is thereby created, binding on the substituted debtor, which is not affected by the provision of the statute of frauds, declaring "every special promise to answer for the debt, default, or miscarriage of another" void, unless it is reduced to writing.—*Thornton v. Guice,* 73 Ala. 321; *Carlisle v. Campbell,* 76 Ala. 247; 3 Mayf. Dig. 840. A promise to pay the preexisting debt of another, made upon a new and valuable consideration, beneficial to the promiser, is not

[Tidwell v. H. H. Hitt Lumber Co., et al.]

within the statute.—*Burkham v. Mastin*, 54 Ala. 122; *Dunbar v. Smith*, 66 Ala. 490; *Thornton v. Williams*, 71 Ala. 555; 3 Mayf. Dig. 840. If the original debtor is released on the promise of a third party to pay the debt, the new debt is binding upon the promisor; it is his own debt and is no longer the debt of another.—*Smith Bros. v. Miller*, 152 Ala. 485, 44 South. 399; *Carlisle v. Campbell*, 76 Ala. 247, 6 Mayf. Dig. 411.

There was nothing whatever to show that the contract creating this indebtedness was void because it contemplated a violation or evasion of the prohibition laws.

Affirmed.

MCCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.