(89 South. 494)

**COOPER v. STATE.    (3 Div. 516.)**

(Supreme Court of Alabama.    June 30, 1921.)

Criminal law ⬤═⯈449(2)—Evidence held statement of fact and not of intent of third party.

Where defendant met his wife and her sister on the street, .and killed them both by shots from a pistol, shooting the sister-in-law first. the court did not err in permitting witness to testify that, when defendant shot his wife, she was not facing him, but "had turned her back to him; she had turned to catch her sister," as against an objection that a witness could not testify to the intention of another, witness having already testified that at the time the wife had turned to help her sister, merely repeating such testimony and stating a collective fact; that is, as to what wife was doing, rather than what she intended to do.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Grant Cooper was convicted of murder in the first degree, and sentenced to be hanged, and he appealed. Affirmed.

The charges requested by and refused to the defendant were: First, the general affirmative charge; second, affirmative charge as to murder in the first degree; third, same

as to murder in the second degree; and, fourth, same as to manslaughter.

L. A. Sanderson, of Montgomery, for appellant.

The court erred in admitting the evidence objected to. 101 Ala. 1, 13 South. 283; 23 Ala. 44; 122 Ala. 39, 26 South. 521; 78 Ala. 5; 103 Ala. 72, 16 South. 63; 117 Ala. 69, 23 South. 696; 54 Ala. 313, 25 Am. Rep. 679. Counsel discuss the refused charges, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

No brief came to the Reporter.

SAYRE, J. Defendant was convicted of murder in the first degree. Defendant met his wife and her sister upon the street and killed them both by shots from a pistol. After evidence going to show that defendant's first shot had killed the sister-in-law, and that he then shot his wife, the state's solicitor asked the witness Sweeney:

"When you saw him shooting at her, she was facing him—the wife? A. No, sir; she had her back turned to him. She had turned to catch her sister."

Again the witness testified that "she had turned to help her sister." Defendant objected to these answers, and on this appeal cites cases in which this court has held that a witness cannot testify to uncommunicated motives (Johnson v. State, 102 Ala. 1, 16 South. 99, and other cases), and Harrison v. State, 78 Ala. 5, where it was held that a witness could not testify to the intention of another, "because no such intention was at the time communicated." These authorities follow the long-established law of this state, but we do not think they suffice to convict the trial court of error in this case. The witness had already testified more than once that at the time inquired about defendant's wife had turned to help her sister. The witness was merely repeating this testimony and was stating a collective fact—was stating what defendant's wife was doing rather than what she intended to do. The state might have been required to put this testimony in better shape, but there was no reversible error in allowing it as it was. Conner v. Ray, 195 Ala. 170, 70 South. 130.

Nothing could be clearer under the evidence than that the state of mind by which defendant's act in killing his wife was accompanied and characterized was a question for the jury, and hence that the court committed no error in refusing charges 1, 2, and 3, requested by defendant.

The judgment and conviction must be affirmed.

Affirmed.

All the Justices concur.