(97 South. 734)

**NORTH ALABAMA LUMBER CO. v. BOARD OF EDUCATION OF MARION COUNTY et al.    (6 Div. 832.)**

(Supreme Court of Alabama.    Oct. 18, 1923.)

1. **Schools and school districts ⬅⇒86(2)—Error to permit evidence of contractor's failure of workmanship where materials used by defendants.**

In materialman's action against school building committee for the value of building materials used by defendants, evidence of a failure of workmanship on part of the contractor was er-

roneously admitted, the suit being upon the assumption of the defendants, express or implied, to pay for the material furnished, since, if any liability existed, it could not be evaded by the defense set up.

**2. Frauds, statute of ⮂18(2)—Verbal promise to pay outstanding claims if contractor surrenders contract not within statute.**

A verbal promise by a school building committee to a contractor, before the completion of a building, to pay the outstanding claims of materialmen if the contractor would surrender the contract, is supported by sufficient consideration, and is not within the statute.

**3. Schools and school districts ⮂86(2)—Letter from superintendent of education, not binding either of defendants, properly excluded in suit against board of education.**

A letter, from the superintendent of education to one furnishing materials for construction of a school building, stating that bills would be paid when sent to him, not being a promise to pay for the material furnished and used in the building that bound either of the defendants to payment, was properly excluded in action against county board of education and members of building committee.

Appeal from Circuit Court, Marion County; J. J. Curtis, Judge.

Action by the North Alabama Lumber Company against the Board of Education of Marion County and the Building Committee of District No. 66, composed of W. J. Hinz and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The county board of education of Marion county was eliminated as a party defendant by plaintiff's amendment.

Count 4 of the complaint is as follows:

"4. Plaintiff claims of the defendants the sum of $4,175.18, with legal interest thereon, damages, for the conversion by them on, to wit, October 20, 1920, of the following chattels: A quantity of building material consisting of windows, sash, pulleys, weights, nails, brads, doors, transoms, window cords, ceiling, flooring, sidings, lime, cement, roofing, shingles, moulding, brick, and lumber, the property of the plaintiff."

The plaintiff introduced in evidence this paper:

"Contract for Public School Building at Brilliant, Alabama.

"The State of Alabama, Marion County.

"This contract entered into on the day and date the same bears date between C. H. Rober, hereinafter called the contractor, and the duly constituted building committee of the Brilliant school district in Marion county, Alabama, whose names are signed to this contract as such, hereinafter called the building committee, witnesseth that:

"Said Charles H. Rober hereby proposes, contracts and agrees to furnish all labor and material and to build a public school building for the Brilliant public school district for the sum of ten thousand dollars ($10,000.00) in accordance with plan No. 58 as made and furnished by the state department of education with the following changes, to wit: Substitute No. 2 drop siding, big knots to be sawed out, No. 2 ceiling, and add fifteen feet in length to the auditorium, and other changes as suggested by the contractor and agreed to by Mr. W. E. Benns, state inspector of state aid school buildings, all material to be paid for by the building committee when delivered and accepted by the contractor, labor to be paid for every two weeks on statements furnished by the contractor, seven thousand and nine hundred dollars to be paid out as above stated and the balance of twenty-one hundred dollars to be paid to contractor when the building is completed and accepted by the state inspector of state aid public school buildings, all work to be done in a workmanlike manner and quality; and that:

"The building committee, composed of Walter Warren, B. F. Howell, J. V. Tarwater, W. J. Hinz, J. H. Dickinson, C. Sexton, and Y. L. Green, as duly constituted building committee of Brilliant public school district of Marion county, Alabama, hereby accept the proposition of said contractor, Charles H. Rober, and hereby award the contract for the erection of said school building to said contractor upon the terms stated in his proposal and agreement, and do hereby agree to all the conditions as above stated, and agree to pay for the work and materials when the materials are delivered and accepted and when the work is done every two weeks as stated.

"The said contractor agrees to complete said schoolhouse by August 15th, 1920.

"And the said building committee hereby agrees to appoint one of their number as treasurer to whom statements of materials and labor are to be furnished by the contractor which said member shall be empowered to authorize the payment by the county superintendent to the contractor of said statements and to pay out whatever funds may come into the hands of said treasurer to said contractor.

"In witness whereof we have hereunto set our hands on this 20th day of May, A. D. 1920. [Signed] Chas. H. Rober, Contractor. B. F. Howell, Walter Warren, J. V. Tarwater, W. J. Hinz, J. H. Dickinson, C. Sexton, Y. L. Green, Building Committee of Brilliant Public School District of Marion County, Alabama."

The following letter was offered in evidence by the plaintiff, objection to which by defendants was sustained:

"County Board of Education. H. H. Sizemore, Chairman. Belton Hodges. R. L. Hill. Tilden Whitehead. J. A. Ford.

"Thos. D. Brooks, County Superintendent of Education, Marion County.

"Hamilton, Ala., June 16, 1920.

"North Alabama Lumber Company, Jasper, Alabama—Dear Sir: I know nothing of Mr. Rober's financial standing, but I know he has contracted with a strong building committee at Brilliant to build a consolidated school building, and they have, in the Bank at Hamilton, Alabama, $7,100.00, also the building committee are strong financial men who will make good the remainder of the money.

"Five thousand dollars will be paid as the bills are sent to me. And twenty-one hundred will be paid after the building is inspected.

"Yours truly, [Signed] Thos. D. Brooks."

⮂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. F. Finch and A. F. Fite, both of Jasper, for appellant.

Counsel argue for error in the ruling of the trial court, but cite no authorities.

E. B. & K. V. Fite, of Hamilton, for appellees.

In order for a party to recover on a contract, he must be a party to said contract, or must become such by having the same assigned to him. Contracts of guaranty must be strictly construed. To the extent and manner stated in such contract they are bound, and no further. Manatee County State Bank v. Weatherly, 144 Ala. 655, 39 South. 988; Phillips-Boyd Pub. Co. v. McKinnon, 197 Ala. 443, 73 South. 43; Birmingham News Co. v. Read, 200 Ala. 655, 77 South. 29; Crawford v. Chattanooga Savings Bk., 201 Ala. 282, 78 South. 58; McGeever v. Terre Haute Brewing Co., 201 Ala. 290, 78 South. 66; Russell v. Garret, 204 Ala. 98, 85 South. 420. The law will not require a person giving a letter of credit to pay the debt of another, unless his undertaking manifests a clear intention to bind himself for that debt. 20 Cyc. 1412.

THOMAS, J. Counts 1, 2, and 3 were common counts, and count 4 was in trover for the conversion of the building material indicated. The complaint, as amended, was against the individuals indicated and originally averred to have composed the county board of education. Upon the filing of the complaint garnishment, in aid thereof, issued to Mr. Hodges as treasurer of the defendant county board of education.

[1] The action of the trial court in permitting, over plaintiff's objection, the question, "The front part of that building, Mr. Howell, when Mr. Rober left, what was the condition of it, with reference to it being in line?" and the answer. "The front part was badly out of line," was erroneous. The suit was not upon the contract for the construction of the house, but upon the assumption by defendants, express or implied, to pay for material purchased and used in that construction; and, if defendants be held liable they cannot evade responsibility by showing a failure of workmanship, or variation from contract plans and specifications, on the part of the contractor.

Under the evidence a jury question, as to the liability vel non of defendants in the construction or erection of the building in question, was presented. See Richmond Locomotive & Mach. Works v. Moragne, 119 Ala. 80, 83, 24 South. 834; Briel v. Exchange Nat. Bank, 172 Ala. 475, 55 South. 808; Little v. People's Bank of Mobile, 209 Ala. 620, 96 South. 763; Falk v. Moebs, 127 U. S. 597, 8 Sup. Ct. 1319, 32 L. Ed. 266; Sparks v. Transfer Co., 104 Mo. 531, 15 S. W. 417, 12 L. R.

A. 714, 24 Am. St. Rep. 351; Liebscher v. Kraus, 74 Wis. 387, 43 N. W. 166, 5 L. R. A. 496, 17 Am. St. Rep. 171.

[2] Plaintiff's evidence tended to show that defendants did not deny the debt for the material; that they asked time in which to pay, took over the possession of the building before its completion, and agreed to pay the $2,100 when the building was completed. There was evidence to the contrary offered by defendants. In Clark v. Jones, 85 Ala. 127, 4 South. 771, it was declared:

"A verbal promise by the defendant to the contractor, before the completion of the house, to pay the outstanding claims of plaintiffs and others, if the contractor would surrender the contract, is supported by a sufficient consideration, and is not within the statute of frauds; but, if the contractor had already abandoned the contract, and there was nothing due him, the promise would be without consideration, and would not support an action by plaintiffs."

See Aultman & Co. v. Fletcher, 110 Ala. 452, 459, 18 South. 215; Byrd v. Hickman, 167 Ala. 351, 52 South. 426.

There was no error in refusing the affirmative charge requested by defendants as to such controverted assumption of that liability.

[3] There was no error in excluding the letter of Thomas D. Brooks, of date June 16, 1920, to the plaintiff company; it was not in the nature of a promise to pay for the material to be furnished and used in the building that bound either of the defendants to payment.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.