(136 So. 817)

### BOND BROS. v. KAY et al.

#### 8 Div. 315.

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 15, 1931.

432

Julian Harris, of Decatur, for appellants.

Tennis Tidwell, of Decatur, for appellees.

### THOMAS, J.

The complaint as originally filed was in two counts, each claiming the amount sued for, due by account for goods, wares, and merchandise sold and delivered to W. B. Goodson by plaintiffs at the special instance and request of defendant. The pleas thereto were the general issue and the statute of frauds, viz., that the promise was not in writing to answer for debt, default, or miscarriage of another.

At the trial the complaint was amended by adding six additional counts. Some of these counts were eliminated by demurrer and some charged out by the court; and counts 4, 5, and 8 were left.

Demurrer to count 4 was overruled, and the defendant pleaded the general issue and no consideration for the promise to pay the plaintiffs the Goodson debt. And count 5 averred that Goodson contracted the debt with plaintiffs and the defendant promised to pay if they would release Goodson, and that plaintiffs did release Goodson, but defendant failed to pay the account contracted by Goodson. Issue was joined on this count and judgment was for plaintiffs.

The controverted questions of fact under the pleadings were: Whether the credit for goods and merchandise was to plaintiffs or to their subcontractor, Goodson. On this issue there was conflict in the testimony and the record evidence, and a jury question was presented (McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135), and whether there was a binding new agreement to pay the plaintiffs by defendant and a new debt created on which the former acted and released Goodson. La

Duke v. Barbee & Co., 198 Ala. 234, 73 So. 472.

There was no reversible error in allowing plaintiffs' witness Goodson to say, without objection, that Johnson, the agent for defendant, knew about the Kay account at the time of its alleged assumption (Louisville & Nashville R. R. Co. v. Perkins, 165 Ala. 471, 51 So. 870, 21 Ann. Cas. 1073; Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686; Norton-Crossing Co. v. Martin, 202 Ala. 569, 81 So. 71; Reliance Life Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748; Southern Rwy. Co. v. Haynes, 186 Ala. 60, 65 So. 339), and knew the substantial amount thereof. The objection did not come until the question, and answer that was responsive to the question to which no objection was interposed. Speculation on such answer may not be indulged and thereafter exception reserved. Washington v. State, 106 Ala. 58, 17 So. 546; McCalman v. State, 96 Ala. 98, 11 So. 408; Billingsley v. State, 96 Ala. 126, 11 So. 409; Liner v. State, 124 Ala. 1, 27 So. 438.

Moreover, Johnson, the agent of defendant, testified that about February, 1927, Kay told him Goodson owed the plaintiffs substantially the amount sued for and interest; and later that Johnson said this during the course of conversation Goodson had with Johnson in 1927 about the account; hence there was no injury to the defendant in the answer, if timely objection had been made and exception duly reserved.

The sufficiency of count 5 is not questioned. Conceding, without deciding, that count 4 was not a sufficient averment, or an allegation by inference, of the agreement to pay plaintiffs, or of their acceptance and release of Goodson, yet the matters and testimony that were pertinent and competent to count 4 were introduced under count 5; hence the sufficiency of count 4, when attacked by demurrer, will not be determined on appeal (Henderson Law Co. v. Hinson, 157 Ala. 640, 47 So. 717; Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. [N. S.] 330, Ann. Cas. 1915D, 829) as reversible error.

Refusal of charge 21 is urged by appellant as error. It reads:

"Gentlemen of the jury, if you are reasonably satisfied from the evidence that the defendant, Bond Brothers had a right under its contract with Goodson to take the work over upon his default, and that such default was made by Goodson, then any promise made by the defendant to Goodson to pay Goodson's debt to the plaintiffs would be without consideration if the only consideration was Goodson's agreement to release defendant from its obligation to furnish advancements to him, and plaintiffs could not recover on such promise.

"Refused: W. W. Callahan, Judge."

In Meyerson v. New Idea Hoisery Co., 217 Ala. 153, 115 So. 94, 97, 55 A. L. R. 1231, there was a mere naked promise from one to another for the benefit of a third person, and it was declared that same "will not sustain an action." Here, there was a promise that plaintiffs would "release Goodson," and it is alleged and proven that plaintiffs did so release such third person. This was a sufficient consideration for the new agreement between plaintiffs and defendant. La Duke v. Barbee & Co., 198 Ala. 234, 73 So. 472. The plaintiffs met the burden of showing the promise and agreement, their acceptance on the condition or consideration indicated, and that they (plaintiffs) did release Goodson from the original contract or debt. This is aside from the mere incidental promise by defendant to Goodson to assume and obtain his release; the record shows, however, that plaintiffs relied thereon as a new contract, and did so release Goodson and now seek to hold defendant to its promise. The charge in question (21) was not confined to the issues made by the pleading, and in such respect was abstract and properly refused. Troy v. Rogers, 113 Ala. 131, 145, 20 So. 999; Woodstock Iron Works v. Kline, Adm'r, 149 Ala. 391, 43 So. 362; Moore v. First Nat. Bank of Florence, 139 Ala. 595, 609, 36 So. 777. The fact that defendant had the right to "take over the work upon his (Goodson's) default," its right in this respect was immaterial and not within the issues being tried, since the defendant did not "take over the work" upon default, but left Goodson with its discharge.

The original contract specified that defendant was to finance Goodson by making advances in money to him, and the latter would pay the expenses, and in this respect he failed to meet the required expenses of operation; by the new contract defendant would finance Goodson directly, and the latter was to cut and deliver to defendant, etc. This was a sufficient consideration for the promise defendant made to Goodson and to plaintiffs to pay the latter.

The refused charge 21 was calculated to mislead and extended beyond the material issues of fact.

There was no error in declining to grant a new trial under the rule of our cases. Cobb v. Malone, 92 Ala. 630, 9 So. 738. In Southern Rwy. Co. v. Eaks, 220 Ala. 49, 50, 124 So. 88, 89, Mr. Chief Justice Anderson cited the foregoing authority and observed: "The plaintiff's evidence made out a plain case, and while it was contradicted by the negative evidence of several of defendant's servants, as well as certain inferences and circumstanc-

es, the jury and trial judge saw and heard the witnesses, and we cannot' say that the verdict of the jury was so contrary to the great weight of the evidence as to warrant this court in disturbing the verdict."

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

## On Rehearing.

THOMAS, J.

Charge 22 is directed to the consideration vel non of a promise made by the defendants to Goodson as to change of terms of the executory contract, and not as to consideration moving from plaintiff to defendants. North Alabama Lumber Co. v. Board of Education of Marion County, 210 Ala. 254, 97 So. 734; Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981. Under the undisputed evidence as to this phase, the charge was refused without reversible error. The modification of an executory agreement may rest on the mutual assent of the parties as consideration for the modified agreement. Moore v. Williamson, supra.