12 So.2d 415

### BURKS et al. v. CITIZENS BANK OF MOULTON.

8 Div. 204.

Supreme Court of Alabama.

March 18, 1943.

J. Foy Guin, of Russellville, for appellants.

R. L. Almon, of Moulton, and Peach & Caddell, of Decatur, for appellee.

BROWN, Justice.

.In the transaction between appellant, her husband, her son and the appellee bank, by the execution of the deed to the son, and his execution of the note to cover the indebtedness claimed to be due from the appellant and her husband and the mortgage given by the son on the lands to secure the payment of same, the parties contemplated and effected a novation,— the substitution of the obligation of the son secured by the mortgage on the land in lieu of the obligation of appellant and her husband secured by the original mortgage. That the effect of that transaction standing alone operated a legal satisfaction of appellant's and her husband's obligation to pay.

But appellant by filing the bill in equity against all of the parties to that transaction, to cancel the deed which she executed to her son to arm him with the power to effect such novation and obtaining in said equity proceedings a decree cancelling said deed, destroyed the security supporting the son's obligation to pay, in legal effect repudiating the entire transaction, and she thereby estopped herself from pleading and proving the truth,—that said transaction constituted a novation and release of her obligation to pay the debt which she contracted with the appellee bank. Woodmen of the World Life Ins. Soc. v. Greathouse, 242 Ala. 529, 7 So.2d 89; Sealy v. Lake, 243 Ala. 396, 10 So.2d 364.

So, also, appellant's act and conduct in the equity proceeding [Citizens Bank of Moulton v. Burks, 242 Ala. 465, 6 So.2d 597] are clearly inconsistent with the assertion now made that her obligation to the appellee bank had been discharged by the

novation effected in the transaction between herself, her son and the bank. The basis of the equity proceeding clearly was that, prima facie, her obligation to the bank was valid, but was in fact and law void because of her coverture, which deprived her of the power to contract the same as surety for her husband. In this last contention she is concluded by the decree of this court under the doctrine of res adjudicata. Citizens Bank of Moulton v. Burks, 242 Ala. 465, 6 So.2d 597, supra; Drinkard v. Oden, 150 Ala. 475, 43 So. 578; Boyd et al. v. Presley et al., ante, p. 16, 12 So.2d 85.

We find no error in the record.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.