ALMON, Justice.
This action was initiated by SouthTrust Bank of Etowah County, successor by merger to Coosa Valley Bank. SouthTrust sought judgment against Larry J. Parnell on a promissory note. Parnell counterclaimed against SouthTrust and filed third-party claims against Billy Ray Williams, vice-president of SouthTrust, and against J.C. Kilgore and Polystone Cultured Marble, Inc. The trial court granted summary judgments for SouthTrust on the complaint and counterclaim and for Williams on the third-party claim against him, entering orders of finality pursuant to Rule 54(b), A.R.Civ.P.
We preface an explanation of the grounds of the counterclaim and the third-party claim and of the issues on appeal with a statement of the facts. Until late 1981, Parnell was a co-owner and officer of Polystone. He had borrowed $10,000 for the use of Polystone from Coosa Valley Bank (hereinafter simply referred to as SouthTrust) through Williams. The note evidencing this indebtedness was renewed on July 2, 1981, at which time Parnell paid $1000 of the principal. The $9000 note was renewed again with a due date of October 5, 1981.
Before this note came due, Kilgore, who was a co-owner of Polystone, entered into an agreement with Parnell whereby Parnell would transfer his interest in Polystone to the corporation and resign as an officer and director. As part of a superseding agreement, Polystone, through Kilgore as president, agreed with Parnell to assume the indebtedness on the note and hold Parnell harmless from payment on the note. Parnell states that Kilgore agreed to assume the debt, but we make no judgment as to whether the instrument bound Kil-gore individually. Shortly thereafter, Parnell and Kilgore discussed with Williams the possibility of transferring the indebted *36 ness from Parnell to Polystone (and, perhaps, to Kilgore).
Parnell, in his deposition and in his affidavit submitted in opposition to the motions for summary judgment, stated that Williams said the note could be transferred by Kilgore’s signing an agreement in terms dictated by Williams, allegedly to the effect that Polystone and Kilgore would assume the debt. Kilgore signed a letter apparently expressing the terms dictated and gave it to Williams, who acknowledged having received the letter, although he was unable to find it after this litigation ensued. Parnell stated that Williams assured him that the letter had transferred the indebtedness to Polystone and relieved him of liability on the note.
Polystone defaulted on the note. When SouthTrust sued Parnell, he defended on the ground that the debt had been transferred and counterclaimed for negligently or wantonly misplacing the transfer agreement or for fraudulently misrepresenting that the liability on the note had been transferred. The third-party claim against Williams was interwoven with the counterclaim.
Parnell argues that SouthTrust should not have been granted summary judgment on its complaint because he presented a genuine issue of material fact as to whether his liability on the note was cancelled upon the consideration of Polystone and Kilgore assuming liability. See Rule 56, A.R.Civ.P. SouthTrust argues that the alleged cancellation was without consideration and therefore was required to be in writing. See Code 1975, §§ 7-3-605 and 8-1-23. Parnell responds that he was discharged upon consideration, that consideration being the agreement of Kilgore and Polystone to assume the debt, see Code 1975, § 7-3-601(2), and that Williams's oral promise to release him upon this consideration was sufficient to bind SouthTrust. See § 8-1-23.
We note that this case is distinguishable from Deason v. Thrash, 465 So.2d 1118 (Ala.1985). In Deason, the alleged oral release of one co-obligor when he transferred his interest to the other co-obligor was not supported by any consideration.
A promise to release the original debtor is sufficient consideration to bind the new debtor in a novation, such as the one alleged here, and upon such an agreement, the original debtor is released. Burks v. Citizens Bank of Moulton, 244 Ala. 169, 12 So.2d 415 (1943); Bond Bros, v. Kay, 223 Ala. 431, 136 So. 817 (1931). The agreement between Parnell and Kil-gore that Polystone would assume Parnell’s debt was in writing. See Code 1975, § 8-9-2.
The agreement was not binding on SouthTrust, however; SouthTrust had the right to accept or reject the offer of Polystone (and perhaps Kilgore) as its new debtors. Copeland v. Beard, 217 Ala. 216, 115 So. 389 (1928). Moreover, under the holding in Bond Bros., supra, Kilgore’s alleged promise in the letter to pay would not have been binding unless SouthTrust agreed to release Parnell.
The question, therefore, is whether Williams’s alleged oral statements to Parnell that SouthTrust would look to Poly-stone for payment and that Parnell was released from liability constituted acceptance of Polystone’s promise to pay the debt. To pose this question is to provide its answer. If the oral release must be supported by consideration, and the consideration, a binding promise from Polystone, depends upon the oral release, the oral statement serves as proof of both the release and the consideration. We do not think this result is within the contemplation of § 8-1-23. Under that statute, a release may be proved either by a writing or by an oral statement plus consideration. The consideration is an extra element of proof which substantiates the alleged oral statement. Even assuming the letter from Kil-gore promised that Polystone would pay the debt, Parnell has alleged nothing to show that SouthTrust accepted Polystone as its debtor except oral statements by Williams. The trial court did not err in *37 granting summary judgment for South-Trust on the complaint.
The court did err, however, in granting summary judgment for SouthTrust and Kilgore on Parnell’s fraud claims. If, as Parnell alleged and stated in affidavit, Williams told him that the bank had transferred the indebtedness to Polystone and released him from liability, a jury might find that this was a material misrepresentation. Parnell has alleged reliance and damage. See Code 1975, § 6-5-101.
The judgment is affirmed as to the complaint and reversed as to the counterclaim and third-party claim, and the cause is remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, ADAMS and HOUSTON, JJ., concur.
STEAGALL, J., not sitting.